1  David Miller, SBN: 104139
   MILLER & ANGSTADT
2  A Professional Corporation
   1910 Olympic Boulevard, Suite 220
3  Walnut Creek, CA 94596
   Telephone: 925-930-9255
4  Facsimile: 925-930-7595

5  Attorneys for Defendants
   NORTHWEST STAFFING RESOURCES, INC.,
6  an Oregon corporation; RESOURCE
   STAFFING GROUP, INC., an Oregon
7  corporation DULCICH STAFFING, LLC, an
   Oregon limited liability corporation
8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10

11  U-HAUL COMPANY OF CALIFORNIA,              CASE NO. C07-3848 JCS
    Inc., a California corporation,
12                                             ANSWER OF DEFENDANT
                              Plaintiffs,      RESOURCE STAFFING GROUP, INC.,
13                                             an Oregon corporation TO COMPLAINT
    v.                                         FOR DAMAGES, RESTITUTION,
14                                             INJUNCTIVE AND DECLARATORY
                                               RELIEF FOR FRAUDULENT
15  NORTHWEST STAFFING RESOURCES,              INDUCEMENT; FRAUD; UNLAWFUL,
    INC., an Oregon corporation; RESOURCE      UNFAIR BUSINESS PRACTICES;
16  STAFFING GROUP, INC., an Oregon            FALSE AND MISLEADING
    corporation; DULCICH STAFFING, LLC,        ADVERTISING; AIDING AND
17  an Oregon limited liability corporation; and  ABETTING/INDUCING CONSPIRACY
    DOES 1 TO 25 inclusive,                    TO VIOLATE; BREACH OF
18                                             CONTRACT; CONTRACTUAL
                                               INDEMNITY and EQUITABLE
19                            Defendants.       INDEMNITY AND CONTRIBUTION

20  _____ /

21       Defendant RESOURCE STAFFING GROUP, INC., an Oregon corporation; (hereafter

22  "Defendant RSG") having removed this matter from The Superior Court of California, for the

23  County of Orange responds to the Complaint (hereafter called "Complaint") of U-HAUL

24  COMPANY OF CALIFORNIA, Inc., a California corporation, (hereafter called "Plaintiff" or

25  "Plaintiff U-HAUL") filed in the Superior Court and in its own behalf as follows:

26                         JURISDICTION AND VENUE

27       1.    Responding to paragraph 1 of the Complaint, Defendant RSG does not deny the

28

                                               1                    Answer of Defendant Resource
                                                                         Staffing Group, Inc.

1 subject matter of Plaintiff's claims. Responding further, Defendant RSG denies each and

2 every, all and singular, of the allegations therein.

3     2.     Responding to paragraph 2 of the Complaint, Defendant RSG denies the basis

4 for venue in the Superior court of Orange County. Responding further, Defendant RSG asserts

5 that the venue is appropriate in this Court, as the operative events recited in the Complaint took

6 place within this judicial district.

7 **THE PARTIES**

8     3.     Responding to paragraph 3 of the Complaint, Defendant RSG admits the

9 allegations therein.

10     4.     Responding to paragraph 4 of the Complaint, Defendant RSG admits that it and

11 Northwest Staffing Resources, Inc., are Oregon Corporations, that Dulcich Staffing, LLC is an

12 Oregon Limited Liability Corporation, and that Defendant RSG operates and has conducted

13 business operations in California and other states. Responding further, Defendant RSG denies

14 each and every, all and singular, of the remaining allegations.

15     5.     Responding to paragraph 5 of the Complaint, Defendant RSG denies each and

16 every, all and singular, of the allegations therein.

17     6.     Responding to paragraph 6 of the Complaint, Defendant RSG is without

18 information sufficient to form a belief as to the information stated in the first sentence of the

19 paragraph. Responding further Defendant RSG denies each and every, all and singular, of the

20 allegations therein.

21     7.     Responding to paragraph 7 of the Complaint, Defendant RSG is without

22 information sufficient to form a belief as to the precise meaning intended for the allegations

23 stated regarding "control," "controlled and managed," "commingled and intermingled

24 moneys," "unity of ownership," "interest," "credit and goodwill," "capitalization,"

25 "instrumentality," "conduit,' "adjunct," "and/or alter ego," and is uncertain as to the meaning

26 of Plaintiff's usage of each or all of the stated terms, which are understood as each subject to a

27 variety of possible meanings, and on that basis denies each and every, all and singular, of the

28

*Answer of Defendant Resource*
*Staffing Group, Inc.*

1    allegations therein.

2        8.    Responding to paragraph 8 of the Complaint, Defendant RSG denies each and
3    every, all and singular, of the allegations therein.

4        9.    Responding to paragraph 9 of the Complaint, Defendant RSG, denies
5    each and every, all and singular, of the allegations therein.

6        10.    Responding to paragraph 10 of the Complaint, Defendant RSG, denies
7    each and every, all and singular, of the allegations therein.

8        **GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**
9        **MISREPRESENTATIONS AND MISLEADING ADVERTISING**

10        11.    Responding to paragraph 11 of the Complaint, Defendant RSG denies
11    each and every, all and singular, of the allegations therein.

12        12.    Responding to paragraph 12 of the Complaint, Defendant RSG, denies
13    each and every, all and singular, of the allegations therein, specifically as they relate to the
14    dispute between Plaintiff and itself, and particularly because they imply that it has failed with
15    respect to some unnamed and specific obligation to Plaintiff which Plaintiff required of it.

16        13.    Responding to paragraph 13 of the Complaint, Defendant RSG, denies
17    each and every, all and singular, of the allegations therein, specifically as they relate to the
18    dispute between Plaintiff and itself as it arose during the limited time that it provided services
19    to Plaintiff at Plaintiff's Fremont, California facility.  Responding further, RSG denies each
20    and every, all and singular, of the remaining allegations therein.

21        14.    Responding to paragraph 14 of the Complaint, Defendant RSG admits that it
22    provided certain payroll and benefit services to Plaintiff specifically requested for certain
23    workers provided and designated by Plaintiff at Plaintiff's Fremont, California facility.
24    Responding further, Defendant RSG, except as specifically admitted herein, denies each and
25    every, all and singular, of the remaining allegations therein.

26        15.    Responding to paragraph 15 of the Complaint, Defendant RSG denies
27    each and every, all and singular, of the allegations therein.

28

3

*Answer of Defendant Resource*
*Staffing Group, Inc.*

1

## THE STAFFING SERVICES AGREEMENT

2      16.      Responding to paragraph 16 of the Complaint, Defendant RSG admits that it
3   signed a Staffing Services Contract (hereafter "Contract") prepared and provided entirely by
4   Plaintiff, and that it provided specific services set forth therein, but only as requested by
5   Plaintiff, but not all services set forth therein that were not requested by Plaintiff, that it
6   provided the limited services specifically requested and required by Plaintiff while the Contract
7   was in effect and until it was terminated by Defendant RSG in accordance with its terms, or
8   prematurely by Defendant.  Responding further, except as admitted herein, RSG denies each
9   and every, all and singular of the remaining allegations other than as described in this response.

10      17.      Responding to paragraph 17 of the Complaint, Defendant RSG admits that it
11   provided some services requested by Plaintiff consistent with its own marketing materials to
12   the limited extent that Plaintiff specifically required them, for certain workers at Plaintiff's
13   Fremont, California facility who had been employed there by another staffing firm and/or
14   Plaintiff and who were in place when provided by Plaintiff, and thereafter performed services
15   only to the extent requested and required by Plaintiff under terms dictated by Plaintiff.
16   Defendant RSG admits that it utilized an employee handbook and, as required by Plaintiff, had
17   the workers provided to it by Plaintiff execute a variety of employment-related documentation.
18   Responding further, except as admitted herein specifically, Defendant RSG denies each and
19   every, all and singular, of the allegations therein.

20      18.      Responding to paragraph 18 of the Complaint, Defendant RSG admits only the
21   accuracy of the language the Contract and that it provided only those services described in it as
22   were specifically requested and required by Plaintiff, and no described services that were not
23   specifically requested and required of it.  Responding further, except as admitted herein,
24   Defendant RSG denies each and every, all and singular of the remaining allegations.

25      19.      Responding to paragraph 19 of the Complaint, Defendant RSG denies each and
26   every, all and singular of the allegations therein.  Responding further, Defendant RSG affirms
27   that Plaintiff determined which of the temporary workers would be retained and instructed

28

*Answer of Defendant Resource*
4                                                          *Staffing Group, Inc.*

1  Defendant RSG to inform a limited number of (approximately three) workers designated by

2  Plaintiff of their termination as directed by Plaintiff during the time Defendant RSG provided

3  services to Plaintiff.

4      20.    Responding to paragraph 20 of the Complaint, Defendant RSG does not deny

5  the content of the cited text of the Contract imposed and required by Plaintiff as a condition to

6  Defendant RSG providing the limited services or any services it was specifically requested to

7  provide to Plaintiff.  Responding further, except as admitted herein, Defendant denies each and

8  every, all and singular of the remaining allegations.

9      21.    Responding to paragraph 21 of the Complaint, Defendant RSG admits that it

10 promised to provided some but not all of the services described for and to the temporary

11 employees working at Plaintiff's Fremont, California facility at the time Plaintiff engaged its

12 services and only for the duration of its provision of services, subject to its contractual right to

13 terminate those services upon thirty days written notice, as provided in Section XIX of the

14 Contract Plaintiff prepared and required. (Complaint Ex. C, Section IV and XIX).

15 Responding further and except as specifically admitted herein, Defendant RSG denies each and

16 every, all and singular of the allegations therein.

17     22.    Responding to paragraph 22 of the Complaint, Defendant admits the content of

18 the cited language of the Contract which Plaintiff prepared and required it to sign.  Responding

19 further, Defendant RSG affirms that their to their knowledge, there were no "employee

20 grievances" during the limited time it provided services to Plaintiff regarding certain workers

21 at Plaintiff's Fremont facility, that Plaintiff provided the sole on-site supervision of said

22 workers, that Plaintiff neither advised it of nor requested that it "address" the alleged

23 grievances of any of workers, that it terminated no workers, except for those described in

24 paragraph 19 of this response, as directed and required by Plaintiff to notify those workers

25 whose terminations Plaintiff directed.  Responding further, and except as specifically admitted

26 herein, Defendant RSG denies each and every all and singular, of the remaining allegations

27 therein.

28

*Answer of Defendant Resource
Staffing Group, Inc.*

23.     Responding to paragraph 23 of the Complaint, Defendant RSG admits the content of the cited language of the Contract which Plaintiff prepared and required it to sign. Responding further, Defendant RSG affirms that it complied with the cited language during the duration of its provision of services and until the time Plaintiff prematurely dismissed it, following its lawful termination of the Contract in accordance with the terms thereof. Responding further, and except as admitted herein, Defendant RSG denies each and every all and singular, of the remaining allegations therein.

**REPUDIATION OF REPRESENTATIONS AND AGREEMENTS**

24.     Responding to paragraph 24 of the Complaint, Defendant RSG is without sufficient information to formulate a belief or respond to the allegations of the first sentence of the paragraph, and on that basis denies each and every, all and singular, of the allegations therein. Responding further, Defendant RSG admits that a representation petition was filed by Machinist District Lodge 190, Automotive Machinist Lodge 1546, (hereafter "the Union") on which Plaintiff and only Defendant RSG were described as "Name of Employer," and admits that a "First Amended Petition" deleting Defendant RSG was filed by the same Union.

25.     Responding to paragraph 25 of the Complaint, Defendant RSG admits the authenticity of the document attached to the Complaint as Exhibit "D." Responding further, and except as admitted herein, Defendant RSG denies each and every, all and singular, of the allegations therein.

26.     Responding to paragraph 26 of the Complaint, Defendant RSG denies each and every, all and singular, of the allegations therein.

27.     Responding to paragraph 27 of the Complaint, Defendant RSG admits that it provides a variety of services to its clients, as needed an required by them, in some cases providing workers and in others providing only payroll and related services, as the client requires. Responding further, Defendant RSG denies each and every, all and singular, of the allegations therein.

28.     Responding to paragraph 28 of the Complaint, Defendant RSG is currently

6

*Answer of Defendant Resource Staffing Group, Inc.*

1   without information sufficient to form a belief as to the allegation therein and, on that basis,
2   denies each and every, all and singular, of the allegations therein.

3       29.   Responding to paragraph 29 of the Complaint, Defendant RSG admits that on
4   the date stated, it timely and lawfully notified Plaintiff of the termination of the Contract
5   prepared by and provided by Plaintiff (but apparently not signed by Plaintiff), in accordance
6   with its terms (Complaint Exhibit "C"). Responding further and to the extent not admitted
7   herein, Defendant RSG denies each and every, all and singular, of the allegations therein.

8       30.   Responding to paragraph 30 of the Complaint, defendant RSG admits that for
9   the limited time that it provided the payroll and benefit services specifically requested by
10   Plaintiff prior to the termination of the Contract, Defendant complied with that contract and in
11   doing so provided all services specifically requested by Plaintiff. Responding further, and
12   except as admitted herein, Defendant RSG denies each and every, all and singular, of the
13   remaining allegations therein.

14      31.   Responding to paragraph 31 of the Complaint, Defendant RSG admits that the
15   Acting Regional Director for Region 32, of the National Labor Relations Board, located in
16   Oakland, California, issued a Decision and Direction of Election based on the petition
17   described in paragraph 24 of this responsive pleading in a case in which Defendant RSG was
18   not a party, and found Plaintiff to be the employer of a collective bargaining unit of employees
19   under section 9(a) of the National Labor Relations Act (29 U.S.C. § 159(a)), and that the
20   employees in that collective bargaining unit included "employees supplied by temporary
21   employment agencies...." Responding further, and as except as specifically admitted herein,
22   Defendant RSG denies each and every, all and singular, of the allegations therein.

23      32.   Responding to paragraph 32 of the Complaint, Defendant RSG is without
24   sufficient information to form a belief as to what Plaintiff is itself "informed and believes" and
25   for that reason denies the allegations based thereon. Responding further, Defendant RSG
26   denies each and every, all and singular, of the allegations therein.

27      33.   Responding to paragraph 33 of the Complaint, Defendant RSG is informed and
28

*Answer of Defendant Resource*
*Staffing Group, Inc.*

1  believes and on that basis admits that the Union and other persons or entities filed a series of
2  unfair labor practice charges and an amended representation petition against Plaintiff as well as
3  its parent entity U-Haul International, Inc., (hereafter "UHI") on or about August 3, September
4  14, and December 20, 2004, and on February 3, 2005, and February 23, 2006, alleging that
5  Plaintiff and UHI had committed a variety of unfair labor practices beginning in June 2004 and
6  continuing in July 2004, and to December 2004, including terminations of employees in July
7  2004 and January 2005, refusing a Union demand for bargaining, and that no unfair labor
8  practice charges were filed against Defendant RSG or any other defendant named herein. Also
9  based on information and belief, Defendant RSG admits that Plaintiff and UHI chose to settle
10  the unfair labor practice claims rather than defend them, thereby incurring liability.
11  Responding further and except as admitted herein, Defendant RSG denies each and every, all
12  and singular, of the remaining allegations therein.

13      34.    Responding to paragraph 34 of the Complaint, Defendant RSG admits that it has
14  refused to indemnify Plaintiff for conduct for which it bears no responsibility because it
15  committed "no acts, errors and omissions" of the type described in the indemnification
16  provision of the Contract and has never been charged by the National Labor Relations Board or
17  any other agency for having done so. Responding further, and except as specifically admitted
18  herein, Defendant RSG denies each and every, all and singular, of the allegations therein.

19      35.    Responding to paragraph 35 of the Complaint, Defendant RSG denies each and
20  every, all and singular, of the allegations therein.

21  ## THE CONTRACTUAL INDEMNITY CLAUSES AND
22  ## DEFENDANTS' REFUSAL TO INDEMNIFY UHC

23      36.    Responding to paragraph 36 of the Complaint, Defendant RSG acknowledges
24  that it alone signed the Contract which contains the full text of its Section V, which Plaintiff
25  has chosen to not state fully in paragraph 36. Responding further, Defendant RSG affirms that
26  its potential liability under Section V was not for its own non-compliance with laws described
27  therein, which it is not claimed by Plaintiff that it violated, and which did not include conduct

28

*Answer of Defendant Resource*
*Staffing Group, Inc.*

1   of Plaintiff in which it did not join or participate. Except as admitted herein. Defendant RSG
2   denies each and every, all and singular, of the remaining allegations herein.

3       37.    Responding to paragraph 37 of the Complaint, Defendant RSG admits that it
4   alone signed the Contract containing the full text of the Contract and affirms that Section IV,
5   cited in this paragraph does not contain the language cited by Plaintiff. Further, Defendant
6   RSG affirms that the language cited by Plaintiff constitutes an incomplete and selective
7   recitation of the contractual indemnification language in the Contract, and which does not
8   require that it indemnify Plaintiff for Plaintiff's own volitional conduct. Responding further,
9   and except as specifically admitted herein, Defendant RSG denies each and every, all and
10   singular, of the remaining allegations therein.

11       38.    Responding to paragraph 38 of the Complaint, Defendant RSG admits that it
12   received a demand for indemnification and affirms that it responded. Responding further, and
13   except as admitted herein, Defendant RSG denies each and every, all and singular, of the
14   remaining allegations therein.

15       39.    Responding to paragraph 39 of the Complaint, Defendant RSG, based on
16   information and belief, admits that Plaintiff chose to settle the unfair labor practice charges
17   filed against it alone, and that it has contended and continues to contend that it has no liability
18   to Plaintiff, for indemnity or otherwise. Responding further, and except as specifically
19   admitted herein, Defendant RSG denies each and every, all and singular, of the allegations
20   therein.

21           **ATTORNEYS' FEES**

22       40.    Responding to paragraph 40 of the Complaint, Defendant RSG admits that it
23   alone, of the named defendants, signed the Staffing Services Contract and that it contains a
24   provision (not the provision stated) providing for an award of "reasonable" attorneys fees and
25   costs to a party to the Contract and against the other party to the Contract in the event there is a
26   breach or default of the Contract. Responding further, and except as specifically admitted
27   herein, Defendant RSG denies each and every, all and singular, of the allegations therein.

28

*Answer of Defendant Resource Staffing Group, Inc.*

1

## FIRST CAUSE OF ACTION

2

### (Fraudulent Inducement Promise Without Intent to Perform)

3

### (Against All Defendants)

4        41.     Responding to paragraph 41 of the Complaint, Defendant RSG admits, denies

5   and otherwise re-pleads its responses to the allegations in the Complaint paragraphs 1 through

6   40, inclusive.

7        42.     Responding to paragraph 42 of the Complaint, Defendant RSG denies each and

8   every, all and singular, of the allegations therein.

9        43.     Responding to paragraph 43 of the Complaint, Defendant RSG denies each and

10  every, all and singular, of the allegations therein.

11       44.     Responding to paragraph 44 of the Complaint, Defendant RSG denies each and

12  every, all and singular, of the allegations therein.

13       45.     Responding to paragraph 45 of the Complaint, Defendant RSG denies each and

14  every, all and singular, of the allegations therein.

15       46.     Responding to paragraph 46 of the Complaint, Defendant RSG denies each and

16  every, all and singular, of the allegations therein.  Responding further, Defendant RSG affirms

17  that any expenses Plaintiff may have incurred in representing and defending itself in the

18  National Labor Relations Board proceedings described in paragraphs 24 and 31 of this

19  pleading were the result of conduct by third parties which began and were known to Plaintiff

20  before Defendant RSG was fraudulently induced by Plaintiff to provided services at Plaintiff's

21  Fremont, California facility, and which resulted from Plaintiff's volitional conduct, while

22  Defendant RSG was not a party.

23       47.     Responding to paragraph 47 of the Complaint, Defendant RSG denies each and

24  every, all and singular, of the allegations therein.

25  ///

26  ///

27  ///

28

*Answer of Defendant Resource*
*Staffing Group, Inc.*

10

## SECOND CAUSE OF ACTION

### (Fraud-Intentional Misrepresentation)

### (Against All Defendants)

48.     Responding to paragraph 48 of the Complaint, RSG admits, denies and otherwise re-pleads its responses to the allegations in Complaint paragraphs 1 through 47, inclusive.

49.     Responding to paragraph 49 of the Complaint, Defendant RSG denies each and every, all and singular, of the allegations therein.

50.     Responding to paragraph 50 of the Complaint, Defendant RSG denies each and every, all and singular, of the allegations therein.

51.     Responding to paragraph 51 of the Complaint, Defendant RSG denies each and every, all and singular, of the allegations therein.

52.     Responding to paragraph 52 of the Complaint, Defendant RSG denies each and every, all and singular, of the allegations therein.

53.     Responding to paragraph 53 of the Complaint, Defendant RSG denies each and every, all and singular, of the allegations therein.

54.     Responding to paragraph 54 of the Complaint, Defendant RSG denies each and every, all and singular, of the allegations therein.

55.     Responding to paragraph 55 of the Complaint, Defendant RSG denies each and every, all and singular, of the allegations therein.

## THIRD CAUSE OF ACTION

### Fraud-Intentional Concealment

### (Against All Defendants)

56.     Responding to paragraph 56 of the Complaint, Defendant RSG here admits, denies and otherwise re-pleads its responses to the allegations in Complaint paragraphs 1 through 55 inclusive.

57.     Responding to paragraph 57 of the Complaint, Defendant RSG denies each and

*Answer of Defendant Resource*
*Staffing Group, Inc.*

11

1 every, all and singular, of the allegations therein.

2     58.    Responding to paragraph 58 of the Complaint, Defendant RSG denies each and
3 every, all and singular, of the allegations therein.

4     59.    Responding to paragraph 59 of the Complaint, Defendant RSG denies each and
5 every, all and singular, of the allegations therein.

6     60.    Responding to paragraph 60 of the Complaint, Defendant RSG denies each and
7 every, all and singular, of the allegations therein.

8     61.    Responding to paragraph 61 of the Complaint, Defendant RSG denies each and
9 every, all and singular, of the allegations therein.

10     62.    Responding to paragraph 62 of the Complaint, Defendant RSG denies each and
11 every, all and singular, of the allegations therein.

12     63.    Responding to paragraph 63 of the Complaint, Defendant RSG denies each and
13 every, all and singular, of the allegations therein.

14                 **FOURTH CAUSE OF ACTION**

15 **(Unlawful, Unfair and Fraudulent Business Practices, Cal. B & P Code § 17200, et. Seq.)**
16                             **(Against All Defendants)**

17     64.    Responding to paragraph 64 of the Complaint, Defendant RSG admits, denies
18 and otherwise re-pleads its responses to Complaint paragraphs 1 through 63, inclusive.

19     65.    Responding to paragraph 65 of the Complaint, Defendant RSG denies each and
20 every, all and singular, of the allegations therein. Responding further, Defendant RSG asserts
21 that this cause of action may only be pursued as a class action under California Business and
22 Professions Code Sections 17203 and 17204. Plaintiff has not done so, and so this claim must
23 be dismissed.

24     66.    Responding to paragraph 66 of the Complaint, Defendant RSG denies each and
25 every, all and singular, of the allegations therein. Responding further, Defendant RSG asserts
26 that this cause of action may only be pursued as a class action under California Business and
27 Professions Code Sections 17203 and 17204. Plaintiff has not done so, and so this claim must

28

1  be dismissed.

2      67.     Responding to paragraph 67 of the Complaint, Defendant RSG denies each and

3  every, all and singular, of the allegations therein.  Responding further, Defendant RSG asserts

4  that this cause of action may only be pursued as a class action under California Business and

5  Professions Code Sections 17203 and 17204.  Plaintiff has not done so, and so this claim must

6  be dismissed.

7      68.     Responding to paragraph 68 of the Complaint, Defendant RSG denies each and

8  every, all and singular, of the allegations therein.  Responding further, Defendant RSG asserts

9  that this cause of action may only be pursued as a class action under California Business and

10  Professions Code Sections 17203 and 17204.  Plaintiff has not done so, and so this claim must

11  be dismissed.

12      69.     Responding to paragraph 69 of the Complaint, Defendant RSG denies each and

13  every, all and singular, of the allegations therein.  Responding further, Defendant RSG asserts

14  that this cause of action may only be pursued as a class action under California Business and

15  Professions Code Sections 17203 and 17204.  Plaintiff has not done so, and so this claim must

16  be dismissed.

17      70.     Responding to paragraph 70 of the Complaint, Defendant RSG denies each and

18  every, all and singular, of the allegations therein.  Responding further, Defendant RSG asserts

19  that this cause of action may only be pursued as a class action under California Business and

20  Professions Code Sections 17203 and 17204.  Plaintiff has not done so, and so this claim must

21  be dismissed.

22                              **FIFTH CAUSE OF ACTION**

23                          **(False and Misleading Advertising)**

24      71.     Responding to paragraph 71 of the Complaint, Defendant RSG here admits,

25  denies and otherwise re-pleads it responses to Complaint paragraphs 1 through 70 inclusive.

26  Responding further, Defendant RSG asserts that this cause of action may only be pursued as a

27  class action under California Business and Professions Code Sections 17203 and 17204.

28

1  Plaintiff has not done so, and so this claim must be dismissed.

2      72.    Responding to paragraph 72 of the Complaint, Defendant RSG denies each and
3  every, all and singular, of the allegations therein.

4      73.    Responding to paragraph 73 of the Complaint, Defendant RSG denies each and
5  every, all and singular, of the allegations therein.

6      74.    Responding to paragraph 74 of the Complaint, Defendant RSG denies each and
7  every, all and singular, of the allegations therein.

8      75.    Responding to paragraph 75 of the Complaint, Defendant RSG denies each and
9  every, all and singular, of the allegations therein.

10      76.    Responding to paragraph 76 of the Complaint, Defendant RSG denies each and
11  every, all and singular, of the allegations therein.

12                          **SIXTH CAUSE OF ACTION**

13  **(Aiding and Abetting/Inducing/Conspiracy to Violate Business and Professions Code**
14                          **sections 17200 and 17500)**

15                          **(Against All Defendants)**

16      77.    Responding to paragraph 77 of the Complaint, Defendant RSG here admits,
17  denies and otherwise re-pleads it responses to Complaint paragraphs 1 through 76 inclusive.
18  Responding further, Defendant RSG asserts that this cause of action may only be pursued as a
19  class action under California Business and Practices Code Sections 17203 and 17204. Plaintiff
20  has not done so.

21      78.    Responding to paragraph 78 of the Complaint, Defendant RSG denies each and
22  every, all and singular, of the allegations therein.

23      79.    Responding to paragraph 79 of the Complaint, Defendant RSG denies each and
24  every, all and singular, of the allegations therein.

25      80.    Responding to paragraph 80 of the Complaint, Defendant RSG denies each and
26  every, all and singular, of the allegations therein.

27  ///

28

1

## SEVENTH CAUSE OF ACTION

2

### (Breach of Contract)

3

### (Against All Defendants)

4      81.    Responding to paragraph 81 of the Complaint, Defendant RSG admits, denies

5  and otherwise re-pleads its responses to paragraphs I through 80 of the complaint, inclusive.

6      82.    Responding to paragraph 82 of the Complaint, Defendant RSG admits that it

7  alone and none of the other defendants signed the "Staffing Services Contract" (hereafter

8  "Contract") prepared and proffered to it by Plaintiff as "U-Haul," and upon information and

9  belief denies that Plaintiff, or another entity described in it as "U-Haul" executed the contract,

10  and that the content of the Contract is as stated in Exhibit C of the Complaint.  Responding

11  further, Defendant RSG, upon information and belief, now asserts that no such written

12  Contract was consummated between Plaintiff and Defendant RSG, and so the only services

13  which Defendant RSG provided were pursuant to an "ad hoc" oral agreement where under

14  Defendant RSG provided payroll and fringe benefits services for workers designated by

15  Plaintiff or other "U-Haul" entities.  Responding further, and except as specifically admitted

16  herein, Defendant RSG denies each and every, all and singular of the allegations therein.

17      83.    Responding to paragraph 83 of the Complaint, Defendant RSG denies each and

18  every, all and singular of the allegations therein.

19      84.    Responding to paragraph 84 of the Complaint, Defendant RSG denies each and

20  every, all and singular of the allegations therein.

21

## EIGHTH CAUSE OF ACTION

22

### (Contractual Indemnity)

23

### (Against All Defendants)

24      85.    Responding to paragraph 85 of the Complaint, Defendant RSG here admits,

25  denies and otherwise re-pleads its responses to Complaint paragraphs 1 through 84 inclusive.

26  Responding further, Defendant RSG admits that it alone and none of the other defendants

27  signed the "Staffing Services Contract" prepared and proffered to it by Plaintiff and upon

28

*Answer of Defendant Resource*
*Staffing Group, Inc.*

1  information and belief denies that Plaintiff, or another entity described in the Contract as "U-
2  Haul" executed the contract, and that the content of the Contract is as stated in Exhibit C of the
3  Complaint.  Responding further, Defendant RSG, upon information and belief, now asserts that
4  no such Contract was consummated between Plaintiff and Defendant RSG, and so the only
5  services which Defendant RSG provided were pursuant to an "ad hoc" oral agreement where
6  under Defendant RSG provided payroll and fringe benefits services for workers designated by
7  Plaintiff or other "U-Haul" entities, which included no indemnity provision.

8      86.    Responding to paragraph 86 of the Complaint, Responding to paragraph 82 of
9  the Complaint, Defendant RSG admits that it alone and none of the other defendants signed the
10 "Staffing Services Contract" prepared and proffered to it by Plaintiff, and upon information
11 and belief denies that Plaintiff, or another entity described in it or another "U-Haul" entity
12 executed the contract, and that the content of the Contract is as stated in Exhibit C of the
13 Complaint.  Responding further, Defendant RSG, upon information and belief, now asserts that
14 no such Contract was consummated between Plaintiff and Defendant RSG, and so the only
15 services which Defendant RSG provided were pursuant to an "ad hoc" oral agreement where
16 under Defendant RSG provided payroll and fringe benefits services requests by Plaintiff for
17 workers designated by Plaintiff or other "U-Haul" entities, and which included no indemnity
18 provision.  Responding further, and except as specifically admitted herein, Defendant RSG
19 denies each and every, all and singular of the allegations therein.

20     87.    Responding to paragraph 87 of the Complaint, Defendant RSG denies each and
21 every, all and singular of the allegations therein.

22     88.    Responding to paragraph 88 of the Complaint, Defendant RSG admits that it
23 received a letter from Plaintiff's counsel demanding indemnification under the "Staffing
24 Services Contract."  However, because the letter was not attached to the Complaint, Defendant
25 RSG cannot confirm that the letter referred to is in fact the same letter, and must therefore deny
26 this allegation on that basis.  Responding further, Defendant RSG admits that its responded to
27 an August 4, 2006 letter in an August 9, 2006 letter, but denies the content of that letter as

28

1 described in the Complaint.  Except as admitted herein, Defendant RSG denies each and every,

2 all and singular of the remaining allegations therein.

3       89.    Responding to paragraph 89 of the Complaint, Defendant RSG denies each and

4 every, all and singular of the allegations therein.

5       90.    Responding to paragraph 90 of the Complaint, Defendant RSG admits that

6 Section 18 of the Contract, prepared and proffered to it by Plaintiff, contains an attorneys fees

7 provision that the "prevailing party" is entitled to an award of attorneys fees and costs arising

8 from a breach or default of the Contract, which contract if applicable at all, Defendant RSG,

9 terminated in accordance with its terms on July 2, 2004. Responding further, Defendant RSG

10 denies each and every, all and singular of the remaining allegations therein.

11 **NINTH CAUSE OF ACTION**

12 **(Equitable Indemnity and Contribution)**

13 **(Against All Defendants)**

14       91.    Responding to paragraph 91 of the Complaint, Defendant RSG here admits,

15 denies and otherwise re-pleads its responses to Complaint paragraphs 1 through 90 inclusive.

16       92.    Responding to paragraph 92 of the Complaint, Defendant RSG denies each and

17 every, all and singular of the allegations therein.

18       93.    Responding to paragraph 93 of the Complaint, Defendant RSG denies each and

19 every, all and singular of the allegations therein.  Responding further, Defendant RSG affirms

20 that the dismissal of employees for whom it provided services to Plaintiff without consultation

21 with Defendant RSG was a course of action chosen by Plaintiff, was not required, but was one

22 of the various alternatives open to Plaintiff, which it alone chose, and for which Defendant

23 RSG bears no responsibility.

24       94.    Responding to paragraph 94 of the Complaint, Defendant RSG denies each and

25 every, all and singular of the allegations therein.

26       95.    Responding to paragraph 95 of the Complaint, Defendant admits that Plaintiff

27 demanded indemnification for its own volitional acts and conduct upon which Plaintiff was not

28

1  consulted nor afforded an opportunity to determine or participate, and that Plaintiff refused or

2  ignored Defendant's written request for an explanation of the facts and theories giving rise to

3  the demand for indemnification. Responding further, and except to the extent admitted herein,

4  Defendant RSG denies each and every, all and singular of the allegations therein.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

7  Plaintiff's Complaint, and each and every cause of action alleged therein, fails to state

8  facts sufficient to constitute a cause of action against Defendant RSG.

SECOND AFFIRMATIVE DEFENSE

10  Plaintiff's First Cause of Action alleged therein, fails to state facts sufficient to

11  constitute a cause of action against Defendant RSG.

THIRD AFFIRMATIVE DEFENSE

13  Plaintiff's Second Cause of Action, fails to state facts sufficient to constitute a cause of

14  action against Defendant RSG.

FOURTH AFFIRMATIVE DEFENSE

16  Plaintiff's Third Cause of Action fails to state facts sufficient to constitute a cause of

17  action against Defendant RSG.

FIFTH AFFIRMATIVE DEFENSE

19  Plaintiff's Fourth Cause of Action fails to state facts sufficient to constitute a cause of

20  action against Defendant RSG.

SIXTH AFFIRMATIVE DEFENSE

22  The Fifth Cause of Action fails to state facts sufficient to constitute a cause of action

23  against Defendant RSG.

SEVENTH AFFIRMATIVE DEFENSE

25  Plaintiff's Sixth Cause of Action fails to state facts sufficient to constitute a cause of

26  action against Defendant RSG.

27

28

*Answer of Defendant Resource*
*Staffing Group, Inc.*

18

1

### EIGHTH AFFIRMATIVE DEFENSE

2        Plaintiff's Seventh Cause of Action fails to state facts sufficient to constitute a cause of

3  action against Defendant RSG.

4

### NINTH AFFIRMATIVE DEFENSE

5        Plaintiff's Eighth Cause of Action fails to state facts sufficient to constitute a cause of

6  action against Defendant RSG.

7

### TENTH AFFIRMATIVE DEFENSE

8        Plaintiff's Ninth Cause of Action fails to state facts sufficient to constitute a Cause of

9  Action against Defendant RSG.

10

### ELEVENTH AFFIRMATIVE DEFENSE

11        Plaintiff's claims based on Breach of Contract are barred inasmuch as Defendant RSG

12  complied with Plaintiff's requirements under the "Staffing Services Contract" or an "ad hoc"

13  oral argument until it was terminated by its terms or earlier, by Plaintiff.  If the "Staffing

14  Services Contract" could be at all enforceable, Plaintiff itself breached that agreement by

15  unilaterally terminating and hiring employees ostensibly covered by it, by conducting a

16  campaign in the pendency of the National Labor Relations Board representation proceeding as

17  well as before and during the pendency of the National Labor Relations Board unfair labor

18  practice proceedings without consultation with or permitting Defendant RSG any input on the

19  defense of the proceeding, thereby itself breaching the alleged contract.

20

### TWELFTH AFFIRMATIVE DEFENSE

21        Plaintiff has failed to mitigate its damages by its unilateral decision and volitional

22  conduct without Defendant RSG's participation or consultation in its decisions and strategies

23  in the National Labor Relations Board unfair labor practice proceedings.

24

### THIRTEENTH AFFIRMATIVE DEFENSE

25        Defendants are entitled to a set off against any claim for damages in the amount which

26  Plaintiff could have avoided the liability for which it seeks indemnification or which is based

27  upon its own unilateral volitional conduct.

28

*Answer of Defendant Resource*
*Staffing Group, Inc.*

19

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2      Plaintiff's Complaint and each and every Cause of Action therein, is barred in whole or

3    in part by the doctrine of laches.

4

### FIFTEENTH AFFIRMATIVE DEFENSE

5      Plaintiff Complaint and each and every Cause of Action therein, are barred in whole or

6    in part by the doctrine of unclean hands.

7

### SIXTEENTH AFFIRMATIVE DEFENSE

8      Plaintiff claims, and each of them, are barred by the applicable statutes of limitations.

9

### SEVENTEENTH AFFIRMATIVE DEFENSE

10     Plaintiff's claims based on contracts are each barred by the Statute of Frauds.

11

### EIGHTEENTH AFFIRMATIVE DEFENSE

12     Plaintiff's Complaint and each and every Cause of Action therein, and specifically its

13   claims based on the "Staffing Services Contract" are barred because of Plaintiff's concealment

14   of the organized campaign described therein, and Plaintiff's failure to afford Defendant RSG

15   the opportunity to participate in defense strategy or decisions made entirely by Plaintiff which

16   resulted in the alleged liability.

17

### NINETEENTH AFFIRMATIVE DEFENSE

18     Plaintiff's Complaint and each and every Cause of Action therein, are barred in whole

19   or in part because Plaintiff imposed undue duress upon Defendant RSG by insisting that it be

20   responsible for events and Plaintiff's unilateral volitional conduct in which Plaintiff had no

21   part.

22

### TWENTIETH AFFIRMATIVE DEFENSE

23     Plaintiff was wholly responsible for all decisions leading to events and conduct alleged

24   by the NLRB to be unfair labor practices and which Plaintiff settled without Defendant RSG's

25   participation, and is therefor estopped to deny its sole responsibility for the consequences of

26   said decisions.

27

28

*Answer of Defendant Resource*
*Staffing Group, Inc.*

20

TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state facts sufficient to support an award of punitive damages against Defendant RSG, because it failed to consult with and permit defendant RSG an opportunity to determine how to respond to the organizing campaign and unfair labor practice charges for which it now seeks indemnification, waived its ability to hold Defendant RSG responsible in any manner and was itself liable for all of its own conduct, including the settlement, and attorneys fees and expenses associated with those matters.

TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff' Complaint fails to state facts sufficient to support an award of punitive damages against Defendant RSG.

WHEREFORE, Defendant RSG prays that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff take nothing by this action;

2. The Court issue judgment in favor of Defendant RSG;

3. Defendant RSG be awarded costs of suit, including reasonable attorney's fees, in accordance with paragraph VI (Indemnification) and XVIII (Attorneys Fees) of the "Staffing Services Contract."

4. The Court award Defendant RSG its attorney's fees and costs, as sanctions pursuant to FRCP Rule 11.

5. That the Court provide such other and further relief as it deems just and proper;

DATED: July 30, 2007                    MILLER & ANGSTADT

Respectfully submitted,

By _____
David Miller
Attorney for Defendants
NORTHWEST STAFFING RESOURCES,
INC., RESOURCE STAFFING GROUP,
INC., and DULCICH STAFFING, LLC

1

## PROOF OF SERVICE [C.C.P. Sections 1005, 1013a(3), 2015.5]

2

I am a citizen of the United States. My business address is 1910 Olympic Blvd., Suite
3   220, Walnut Creek, California 94596. I am employed in the County of Contra Costa where this
service occurs. I am over the age of 18 years and not a party to the within action. I am readily
4   familiar with my employer's business practice for collection and processing of correspondence
for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited
5   with the U.S. Postal Service the same as the day of collection in the ordinary course of business.
On the date set forth below, following ordinary business practice, I served the foregoing
6   document(s) described as:

7   **ANSWER OF DEFENDANT RESOURCE STAFFING GROUP, INC., an Oregon
corporation TO COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE AND**
8   **DECLARATORY RELIEF FOR FRAUDULENT INDUCEMENT; FRAUD;
UNLAWFUL, UNFAIR BUSINESS PRACTICES; FALSE AND MISLEADING**
9   **ADVERTISING; AIDING AND ABETTING/INDUCING CONSPIRACY TO VIOLATE;
BREACH OF CONTRACT; CONTRACTUAL INDEMNITY and EQUITABLE**
10  **INDEMNITY AND CONTRIBUTION**

11  on said date at my place of business, a true and correct copy thereof enclosed in a sealed
envelope prepaid for first-class mail for collection and mailing that same day in the ordinary
12  course of business, addressed to the parties as follows:

13  Robert Yonowitz, Esq.
Stacey A. Zartler, Esq.
14  Fisher and Phillips, LLP
One Embarcadero Center, Suite 2340
15  San Francisco, California 94111-3712

16
[X]  **(BY MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed in
17       the United States mail at Walnut Creek, California.

18  [ ]  **(BY FACSIMILE)** I transmitted a true and correct copy by facsimile to the number
         indicated above.
19
[ ]  **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand this
20       date to the offices of the addressee(s) as listed above.

21  [ ]  **(BY OVERNIGHT DELIVERY)** I caused such envelope(s) to be delivered to an
         overnight delivery carrier with the delivery fees provided for, addressed to the person(s)
22       on whom it is to be served as shown above.

23  [X]  **(FEDERAL)** I declare under penalty of perjury under the laws of the State of California
         that the foregoing is true and correct.
24
Executed on July 30 2007 at Walnut Creek, California
25

26                                              Melissa DeVay

27

28

*Answer of Defendant Resource
Staffing Group, Inc.*

22