David Miller, SBN: 104139
MILLER & ANGSTADT
A Professional Corporation
1910 Olympic Boulevard, Suite 220
Walnut Creek, CA 94596
Telephone: 925-930-9255
Facsimile: 925-930-7595

Attorneys for Defendants
NORTHWEST STAFFING RESOURCES, INC., an Oregon corporation; RESOURCE STAFFING GROUP, INC., an Oregon corporation DULCICH STAFFING, LLC, an Oregon limited liability corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

U-HAUL COMPANY OF CALIFORNIA, Inc., a California corporation,

Plaintiffs,

v.

NORTHWEST STAFFING RESOURCES, INC., an Oregon corporation; RESOURCE STAFFING GROUP, INC., an Oregon corporation; DULCICH STAFFING, LLC, an Oregon limited liability corporation; and DOES 1 TO 25 inclusive,

Defendants.

/

**Case No.: C07-3848 -JCS**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DULCICH STAFFING, LLC TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)] OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT AND TO STRIKE [FRCP 12(e)(f)**

Date: September 14, 2007
Time: 9:30
Dept: Ctrm. A

Defendant DULCICH STAFFING, LLC submits this Memorandum of Points and Authorities in support of its motion to dismiss each cause of action plead against it in the Complaint of U-HAUL COMPANY OF CALIFORNIA, on the ground that the Complaint and each Cause of Action fails to state a claim against it for which relief can be granted.

**I. Preliminary Statement - Procedural Status**

On June 27, 2007, Plaintiff U-HAUL COMPANY OF CALIFORNIA, INC., a California corporation, ("Plaintiff") commenced the action of U-HAUL COMPANY OF CALIFORNIA, INC., a California Corporation v. NORTHWEST STAFFING RESOURCES, INC., an Oregon corporation (hereafter "NORTHWEST STAFFING"); RESOURCE STAFFING GROUP, INC., an Oregon corporation; (hereafter "Defendant RSG") DULCICH STAFFING, LLC, an Oregon limited liability corporation (hereafter "Defendant DULCICH") and DOES 1 TO 25 inclusive, in the Superior Court of the State of California, County of Orange, Case No. 07CC07370, by filing a complaint ("Complaint") against the named Defendants. On July 6, 2007, Plaintiff served the Complaint and State Court Summons on Defendant RSG. Plaintiff served Defendant DULCICH STAFFING on July 9, 2007. To the knowledge of the Defendants Plaintiff has not served Defendant NORTHWEST STAFFING. Defendant RSG and Defendant DULCICH removed this case to this Court on July 26, 2007. Unserved Defendant NORTHWEST STAFFING joined in the removal.

**II. Plaintiff's Complaint as it relates to Defendant DULCICH STAFFING LLC**

Plaintiff's Complaint alleges Fraudulent Inducement, Fraud, Unlawful, Unfair and Fraudulent Business Practices, False and Misleading Advertising, Aiding and Abetting, Breach of Contract, Contractual Indemnity, Equitable Indemnity and Contribution. The Complaint seeks unspecified damages over $279,000, attorneys fees and costs. The attorneys fees are claimed as recoverable as a matter of contract.

Plaintiff attached and incorporated the following four exhibits in its complaint: (A) a series of documents which it described as "advertising and bidding materials"; (B) "employment

materials given to its employees"; (C) a six page "Staffing Services Contract"signed only by Defendant Resource Staffing Group; a one-page "Hold Harmless Agreement," regarding employees who may be in vehicle accidents; signed by representative of "U-Haul" and of Defendant RSG, a one-page letter from Defendant RSG to Plaintiff, confirming the payroll and benefit services to be provided, signed by both the representative of Defendant RSG and "U-Haul"; and a "sample only" employee "Acknowledgment and Confidentiality Agreement for Temporary Workers Proferred by Plaintiff and to a "Davis" Staffing Agency.

Plaintiffs included Defendant DULCICH as a "Defendant" (Complaint ¶4), and thereafter alleged many facts, conduct and conclusion it attributed to "Defendants," as well as conclusory statements as to the control of each defendants regarding "major stock holders, officers and/or directors" of the "Defendant Companies," as well as that each is the "owner, agent, representative and/or employee of the remaining Defendants." However, as will be shown examination of each of the actual claims, and particularly to the extent that any of them are based in a breach of contract, reveals no legal basis for permitting this matter to go forth against Defendant DULCICH.

Plaintiff specifically pleads that Defendant RSG's Branch Manager Rod Crowell made certain representations to representatives of non-party U-Haul International, Inc. as well as Plaintiffs "shop manager," and that "Defendants" marketing materials made other representations. (Complaint ¶ 14, 15). Plaintiff alleges that as a result of the "false promises" made by Defendant RSG's Brand Manager and in reliance on "Defendants'" marketing materials (Complaint Ex. A) it entered into a Staffing Services Contract (the "Contract") on its own form (Complaint Ex. C). The parties to that Contract are described as "U-Haul 189000" and "NSR, dba Resource Staffing Group." The Contract does not refer to or describe Defendant DULCICH as a contracting party or otherwise. The Contract was signed by the aforementioned "Rod Crowell" the Branch Manager of Defendant RSG, but apparently not by any "U-Haul" representative. Similarly, the separate confirmation letter stating the services to be provided by

Defendant RSG and signed by both Mr. Crowell and a "U-Haul Representative" on May 12, 2004, do not mention Defendant DULCICH, neither in its text nor it is listed on Defendant RSG's letterhead.

**1. First Cause of Action -Fraudulent Inducement to enter into a Contract**

Plaintiff alleges that "Defendants" induced it to enter into the Contract by making certain representations, and then repudiating the Contract. (Complaint ¶¶42-45). In support of this claim, Plaintiff refers to marketing materials in which the name of Defendant DULCICH appears only in a Vendor Disclosure Statement indicating a business structure including it and serveral other entities, of which Defendants Northwest Staffing Group (hereafter "NWS") and RSG are named. Although other materials in Complaint Exhibit A refer to Defendants RSG and named Defendant NWS, scrutiny of the Exhibit reveals no nexus between Defendants DULCICH and any of the representations and conduct alleged in this or any other cause of action. Significantly, Defendant DULCICH is <u>not</u> listed in any exhibit as a member of the Northwest Staffing Resource Family of Companies or in the addresses of the specific staffing agencies so described. (Complaint Ex. A)[1]

**2. Plaintiff's Second Cause of Action -Fraud (intentional misrepresentation)**

Plaintiff pleads that the alleged reliance on the same representations allegedly set forth in marketing materials (Complaint Ex. A) induced it "to enter into the Services Contract with "Defendant," and "Defendants" termination of that Contract required it to represent itself in a union organizing campaign and defense of an unfair labor practice charges. (Complaint ¶53), which it is "alleged" were in derogation of certain of "Defendants" alleged representations. As noted in the Complaint, the only Defendant signatory to any alleged agreement was Defendant RSG.[2] In none of the materials described by Plaintiff is there any language suggesting that the

---

[1] Copies of all such listings are attached for the convenience of the Court.

[2] Defendant RSG has filed its responsive pleading

temporary workers involved in the National Labor Relations Board proceeding described in Complaint paragraphs 24, 29, 33, 46, 54, 62, 69, 77, 79, 84, 89, 94, 95, (reciting alleged damages resulting from NLRB proceedings) employees of Defendant DULCICH. It is alleged that an NLRB representation case petition named Plaintiff and "Defendants" as joint employers. However, correspondence attached to the Complaint demonstrates that that proceeding (NLRB Case No. 32-RC-5268) names Plaintiff and "Resource Staffing Group" an undeniable fact which Plaintiff has deliberately omitted.[3]

3. **Plaintiff's Third Cause of Action -Fraudulent Inducement**

Similarly, Plaintiff pleads that "Defendants" made promises which were incorporated in the Contract and then repudiated. As we have shown, supra, p. the case of these and all of Plaintiff's claims are that it was induced to enter into the Contract, which only Defendant RSG signed by representations made to it by and by Defendants RSG marketing materials. (Complaint ¶¶41,48, 56, Ex. A, B (5/12/04 letter). Again, there is no non-conclusory fact pleading of facts that if credited establishes that it entered into a contractual relationship of any kind with Defendant DULCICH. As we have shown, the only possible contracting Defendant was Defendant RSG, an undeniable fact established by Plaintiff's own pleading and the attached documents.

4. **Plaintiff's Fourth Cause of Action - Unlawful, Unfair and Fraudulent Business Practices**

Plaintiff pleads that "Defendants" violated California Business and Professional Code §17200, et. seq. By inducing it to enter into the Contract. (Complaint ¶64-66) Plaintiff describes the violation as "Defendants" holding out to the public that it provides certain services allegedly withheld from Plaintiff, but seeks a remedy limited to itself and its damages. Plaintiff has not

---

[3]A true and correct of the actual petition and amended which the Court may consider in this motion, is attached to this memorandum, in accordance with Parrino v. FHP, Inc. 146 F3d 699, 705-706 (9th Cir.1998) and cases cited therein; see also, Global Network Communications, Inc. v. City of New York, (458 F3d 150, 156-157 (2nd Cir. 2006) (consideration of omitted documents integral to the Complaint may be considered under FRCP 12(b)(6)).

plead this claim as a class action. As noted, the substance of this and all of Plaintiff's claims is that "Defendants" falsely represented that they could and would provide certain services, and by that alleged conduct induced Plaintiff to enter into a contract (with Defendant RSG) and was thereby damaged. We have shown that the Complaint and documents incorporated in it, and also documents intrinsic and crucial to Plaintiffs claim, but omitted by Plaintiff nut which the Court may consider, demonstrated that Defendant DULCICH had no role whatsoever and can have no liability to Plaintiff on Plaintiff's claims as plead.

**5. <u>Plaintiff's Fifth Cause of Action - False and Misleading Advertisements</u>**

Plaintiff pleads that the same conduct alleged us to its other claims, coupled with "Defendants" untruthful advertising, induced it to enter into a contract with the intent to "mislead" and induce members of the public to enter into contracts with them. Essentially, it is not alleged that Plaintiff did not provide services that were requested of it, but that they withdrew from the contract in accordance with its terms and thereafter refused to provide services it had not been and was no longer contractually bound to provide. Plaintiff does not allege nor do the documents incorporated in the Complaint demonstrate that Defendant DULCICH made any of the alleged false and misleading representations, nor that it specifically advertised them to the public at large. Rather, it is claimed that marketing materials submitted to Plaintiff alone induced it alone to enter into the Contract which was largely terminated, and that "Defendants" thereafter in National Labor Relations Board proceedings claimed that it was not the "employer" of the temporary workers at the U-Haul Fremont, California facility. Plaintiff does not plead or describe the nature of the "advertising" or how it constituted the misleading of the public, Plaintiff seeks its own damages and injunctive relief.

**6. <u>Plaintiff's Sixth Cause of Action- Conspiracy to violate California Business and Professions Code 17200 and 17500</u>**

Plaintiff replead the same facts and conclusions on support of this claim as its others (Complaint ¶77) and that Defendant RSG Branch Manager Rod Crowell (not a named

Defendant) was aware of them, "directed, conspired in or participated in 'Defendants'" alleged fraudulent practices and that it is entitled to restitution of its losses of over $279,000, including "consultant costs" as well as injunctive relief.

**7. Plaintiff's Seventh Cause of Action - Breach of Contract - Contractual Indemnity**

As noted, supra, p. , Plaintiff alleged that it entered into the Contract with Defendants. However the text and signature page of the contract itself demonstrates that the only Defendant RSG was a signatory. Stated another way, Plaintiff has submitted no contract other than the Staffing Services Contract, which it apparently did not sign, and who patently not signed by Defendant DULCICH. Thus, there is not basis plead that can support a claim that Defendant DULCICH was a party to the Contract which Plaintiff seeks to enforce. Similarly, Plaintiff seeks to enforce a contractual indemnity clause (Complaint ¶¶ 85-88, 90 Ex. C) against Defendant DULCICH to which Defendant DULCICH was not a party.

**8. Plaintiff's Ninth Cause of Action**

Again, Plaintiff replead its allegations of fact and conclusion's from each preceding claim, including the fact that "Defendants" terminated the Contract on accordance with its terms and prior to its incurring any liability for the matters before the National Labor Relations Board for conduct in which no Defendant, including DULCICH participated. The Complaint with its attachments demonstrates that Defendant DULCICH took and played no part in any of the facts or events, which Plaintiff claims support its claims against it. Thus, Defendant RSG and not Defendant DULCICH signed the Contract and undertook some obligation under it. It is not claimed that the contract was unlawfully terminated. Defendant RSG thereafter was no longer involved in the NLRB preceding or any other aspect of the Plaintiff's operations. (See Complaint Ex. C, letter of May 12, 2004.)

**III. Argument**

This Motion is based on the facts but not conclusions alleged in the Complaint, attached

documents and crucial and indisputable genuine documents referred to by Plaintiff in support of its allegations but omitted from the Complaint. Defendant DULCICH has in its presentation of these facts, provided the legal basis for the relief it seeks. As its core, the claims are that Plaintiff was fraudulently induced by "Defendants" marketing materials and the representation of Defendant RSG to enter into a contract with RSG, later lawfully terminated by its terms, for failing to provide certain unspecified services under that contract, which Plaintiff has not plead that it ever requested, that as a result and after "Defendants" terminated the Contract, Plaintiff was required to respond to a National Labor Relations Board representation and defend unfair labor practices charge brought against it. It was not alleged by the National Labor Relations Board nor is it alleged by Plaintiff that any of "Defendants" or any of them committed an unfair labor practice which Plaintiff was required to defend.

FRCP 12(b)(6)(d) and (e) states, in pertinent part:

> **Rule 12. Defenses and Objections--When and How Presented--By Pleading or Motion**
> **(b) How Presented**. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:...(6) failure to state a claim upon which relief can be granted;
> ...A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief.
> **(d) Preliminary Hearings**. The defenses specifically enumerated (1)-(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision ©) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.
> **(e) Motion For More Definite Statement**. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

> **(f) Motion To Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Although motions to dismiss for failure to state a claim pursuant to FRCP 12(b)(6) are viewed with disfavor, such a motion may be granted when, considering the allegations of material fact construed in the light most favorable to the moving party, it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Fernandez - Montes v. Allied Pilots Association, 987 F.2d 278, 284 (5th Cir. 1993); Citing Ellis v. Cassidy, 625 F.2d 277 (9th Cir. 1980) Jordan v. Marin County Community College District, ___ F.Supp. _____, 1993 U.S. Dist. Lexis 16896, pp. 3-4 (N.D.CA, 1993)[4]

Although the general rule is that the Court can grant the motion based only on the content of the Complaint, there are exceptions. Where a Plaintiff has attached various exhibits to the Complaint, "those exhibits may be considered . . ." Park School of Business Inc. v. Symington, et.al., 51 F.3d 1480, 1484 (9th Cir. 1995), citing Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980), which approved the trial court holding that such attached documents are "part of the pleadings," and concluded that such exhibits are not "outside material" requiring that the motion to dismiss be converted to a motion for summary judgment. See also, Jacksonville Newspaper Printing Pressman v. Florida Publishing Co., 340 F. Supp. 993, 995 fn. 4, (M.D.Fla. 1972), aff'd 468 F.2d 824 (5th Cir., 1972 cert. den. 411 U.S. 906 (1973). On such a motion, the District Court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the Plaintiff's pleading." Parrino v. FHP, Inc. 146 F.3d 699, 705-707 (9th Cir. 1998), citing Branch v. Tunnel, 14 F.3d 449, 454 (9th Cir. 1994). As the Court of Appeals stated, consideration of such "crucial documents" is supported by . . ." the policy underlying the rule:

---

[4] Copy attached for the Court's convenience

Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which claims are based. Supra, 146 F.3d at 706. For the foregoing reasons, we submit that the policies underlying Rule 12(b)(6) require the consideration of all documents attached by Plaintiff to its Complaint, as well as the documents it referred to in the Complaint and which Defendant DULCICH has attached to this memorandum.

As the Court of Appeals has stated:

> ". . . motions to dismiss supply a useful technique for prompt disposition of suits . . ." and although such motions are disfavored, there are cases which justify and indeed compel the granting of such motion. The line between the totally unmeritorious claims and the others cannot be drawn by scientific instruments but must be carved out case by case by sound judgment of trial judges, . . . exercised cautiously." Ronnie & Laughlin, Inc. v. Chrysler Corporation, 242 F.2d 208, 2120213 (9th Cir. 1957).

Defendant DULCICH submits that this is a case in which the Court should exercise such judgment and dismiss each claim against it.

With regard to the First, Second and Third Causes of Action, the claim under consideration is that Defendant DULCICH made the alleged fraudulent mis-representation and inducements to cause Plaintiff enter into a contract with it, with the result that Plaintiff suffered damage. But Plaintiff's own pleadings demonstrated that to not be the case. Plaintiff was not "induced" to enter into a contract with Defendant DULCICH and it patently and undeniably did not do so.

With regard to the Fourth, Fifth and Sixth Causes of Action, Plaintiff's complaint pleads no nexus between its own alleged reliance and damages and any conduct by Defendant DULCICH. Moreover, Plaintiff has failed to plead its claims based on "Unfair Competition" based on the California Business and Professions Code for the benefit of the general public must be brought as a class action, under Code of Civil Procedure 382. See, Arias v. Superior Court, ___ Cal.App. 4th _____, 07 C.D.O.S. 8781. Plaintiff has not done so, and so its unfair competition claim must be dismissed. Plaintiff pleads no facts that demonstrate that the alleged "conspiracy" with Defendant RSG involved Defendant DULCICH. Bare accusations are not pleaded facts

sufficient to support a claim.

Plaintiff's Seventh, Eighth and Ninth Causes of Action are based on an alleged contract to which Defendant DULCICH was patently not a party and assert that "Defendants" including Defendant DULCICH is nevertheless liable for contractual and equitable indemnity on the same contract. The claims are contrary to the elementary laws of contracts, which require consent, and priority, particularly with regard to express contracts such as the "Staffing Services Contract," (Complaint Ex. 3). See, Witkin, Summary of California Law, Contracts, §§ 02,106,116,118,134-135.

**V. Conclusion**

For the reasons set forth herein, Defendant DULCICH asks that its motion to dismiss be granted as to all causes of action plead against it, or such individuals causes of action as the court finds appropriate. Further, to the extent appropriate, Defendant DULCICH asks that the Court require Plaintiff to provide a more definite statement as to remaining causes of action, so that it can provide a cogent responsive pleading to which ever claims survive this motion, and to strike those claims which patently cannot be maintained against defendant DULCICH

DATE: July 31, 2007

Respectfully submitted,

By [signature]
David Miller
Attorney for Defendants
NORTHWEST STAFFING RESOURCES, INC., RESOURCE STAFFING GROUP, INC., and DULCICH STAFFING, LLC

**PROOF OF SERVICE [FRCP 5(b)(d)]**

a citizen of the United States. My business address is 1910 Olympic Blvd., Suite Creek, California 94596. I am employed in the County of Contra Costa where this ırs. I am over the age of 18 years and not a party to the within action. I am readily h my employer's business practice for collection and processing of correspondence with the U.S. Postal Service, and that practice is that correspondence is deposited S. Postal Service the same as the day of collection in the ordinary course of business. the date set forth below, following ordinary business practice, I served the foregoing s) described as:

**ANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DULCICH ·G, LLC TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH CAN BE GRANTED [FRCP 12(b)(6)] OR IN THE ALTERNATIVE FOR A )EFINITE STATEMENT AND TO STRIKE [FRCP 12(e)(f)**

ate at my place of business, a true and correct copy thereof enclosed in a sealed : prepaid for first-class mail for collection and mailing that same day in the ordinary f business, addressed to the parties as follows:

Yonowitz, Esq.
A. Zartler, Esq.
and Phillips, LLP
nbarcadero Center, Suite 2340
ancisco, California 94111-3712

**(BY MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed the United States mail at Walnut Creek, California.

**(BY FACSIMILE)** I transmitted a true and correct copy by facsimile to the number indicated above.

**(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s) as listed above.

**(BY OVERNIGHT DELIVERY)** I caused such envelope(s) to be delivered to an overnight delivery carrier with the delivery fees provided for, addressed to the perso on whom it is to be served as shown above.

X] **(FEDERAL)** I declare under penalty of perjury under the laws of the State of Calif that the foregoing is true and correct.

Executed on July 31, 2007 at Walnut Creek, California

Melissa DeVay