Case 3:07-cv-03848-CRB   Document 9-3   Filed 07/31/2007   Page 1 of 5

Page 2
1993 U.S. Dist. LEXIS 16896, *

1 of 99 DOCUMENTS

Cited
As of: Jul 31, 2007

LAWRENCE WM. JORDAN, Plaintiff, v. MARIN COMMUNITY COLLEGE DISTRICT, Defendant.

No. C-93-0045-DLJ

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*1993 U.S. Dist. LEXIS 16896*

November 22, 1993, Decided
November 22, 1993, Filed; November 24, 1993, Entered

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant employer filed a motion to dismiss plaintiff employer's action brought pursuant to *42 U.S.C.S. § 1983* in response to adverse personnel actions. The employer based the motion to dismiss on the employee's failure to state a claim on which relief could be granted. The employer also sought the imposition of sanctions.

**OVERVIEW:** The employee was suspended without pay when he sent a birthday card to another employee whom he had been dating and who had filed a complaint for sexual harassment. The employee filed suit under § 1983. The employer filed a motion to dismiss the complaint and sought sanctions. The court granted the motion to dismiss the complaint but denied sanctions. The employer, a community college, enjoyed the immunity provided state agencies by the Eleventh Amendment. The Eleventh Amendment shielded the employer from the employee's claims for compensatory damages and for restitution of his back-pay. The employee's claims for injunctive relief under § 1983 were not barred by the Eleventh Amendment, but they were barred by his choice to sue the employer instead of college officials in their individual capacity. The employer's First Amendment argument failed because birthday greetings were not a matter of public concern. The employer's due process claim would have been viable if he had sued individual officials instead of a state agency. The employee's Title VII claim failed because it did not allege that he was singled out for mistreatment because of his race, sex, or sexual orientation.

**OUTCOME:** The court granted the employer's motion to dismiss the employee's civil rights complaint for failure to state a claim and denied the employer's motion for the imposition of sanctions.

**JUDGES:** [*1] Jensen

**OPINION BY:** D. LOWELL JENSEN

**OPINION:**

ORDER

Plaintiff brought this action pursuant to *42 U.S.C. § 1983* in response to adverse personnel actions taken by his employer, defendant Marin Community College District. On October 4, 1993, defendant moved to dismiss the action for failure to state a claim on which relief could be granted. Defendant also moved for the imposition of sanctions. The Court heard these motions on November 10, 1993. Plaintiff Lawrence Jordan appeared in propria persona, and Mr. Larry J. Frierson appeared for defendant. For the reasons discussed below, the Court GRANTS defendant's motion to dismiss, but DENIES defendant's motion for the imposition of sanctions.

I. BACKGROUND

Plaintiff is a full-time tenured instructor employed by defendant Marin Community College District ("District"). In 1989, he dated Ms. Janene Frahm, a

temporary part-time instructor in another department. During the period in which they were dating, plaintiff requested information about her from the Alumni Association of the University of Kansas. Ms. Frahm informed plaintiff that she did not wish to continue dating. When she learned of plaintiff's request for information, [*2] she complained to defendant District.

In June 1991, plaintiff mailed a postcard to Frahm, the complete text of which follows: "Belated Happy Birthday. Hope you find who/what you want in life. Larry." Frahm complained to the District, which put a letter censuring plaintiff for sexual harassment in plaintiff's personnel file. The letter was dated July 19, 1991. Plaintiff filed a grievance on August 12, 1991, which defendant denied on September 9, 1991.

In June 1992, Frahm was no longer employed by defendant. Plaintiff sent her a card with the following text: "Happy Birthday." When Frahm was rehired in September 1992, she complained to defendant District again. On October 30, 1992, defendant suspended plaintiff for sexual harassment for four days without pay. Plaintiff filed a grievance which was denied by the administrative dean, on December 11, 1992. Plaintiff demanded a hearing before an arbitrator, and the dean informed him that an arbitrator would be selected. Plaintiff alleges that no arbitrator was ever appointed.

Plaintiff filed this action on January 5, 1993, alleging violations of his rights under the First, Fifth, and Fourteenth Amendments, Title VII, the California Constitution, [*3] and the CBA. Plaintiff sought restitution of back-pay, damages, and injunctive and declaratory relief. On February 3, 1993, default was entered by the Clerk of the Court. On February 19, 1993, defendant moved to set aside the default. Defendant's motion was granted on March 25, 1993.

Meanwhile, the underlying transactions continued to develop. In June 1993, plaintiff mailed Frahm a commercial birthday card, the only personal addition to which was his signature: "Larry." On August 6, 1993, defendant suspended plaintiff without pay for ten days. Plaintiff demanded arbitration but alleged no arbitrator was appointed.

On September 3, 1993, the Court granted defendant's motion to dismiss, also granting plaintiff leave to file an amended complaint. Plaintiff did so on September 27, 1993. On October 4, 1993, defendant again moved to dismiss for failure to state a claim under *Federal Rule of Civil Procedure 12(b)(6)*. Defendant has also requested sanctions under Rule 11.

## II. LEGAL STANDARD FOR DISMISSAL

A primary objective of the legal system is to obtain a determination on the merits. Accordingly, motions to dismiss for failure to state a claim, pursuant to *Federal Rule of Civil Procedure* [*4] *12(b)(6)*, are generally viewed with disfavor. The Supreme Court has held that a complaint should not be dismissed unless it appears "beyond doubt" that plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. *Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)*. Thus, the question presented by a motion to dismiss is not whether plaintiff will prevail in the action, but whether plaintiff is entitled to offer evidence in support of his or her claim. *Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974)*.

In answering this question, the Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. *Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)* (citation omitted). Even if the face of the pleadings indicates that the chance of recovery is remote, the Court must allow plaintiff to develop his or her case at this stage of the proceedings. *United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981)*.

## III. DISCUSSION

A. Motion to Dismiss

1. Plaintiff's Claims [*5] For Prospective Relief Are Not Barred By the Eleventh Amendment

Defendant contends that it is protected from plaintiff's § 1983 claims by the Eleventh Amendment. The Ninth Circuit has established that in California a community college district "is a state entity that possesses Eleventh Amendment immunity from appellant's section . . . 1983 . . . claims in damages and for injunctive relief." *Mitchell v. Los Angeles Comm. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988)*, cert. denied, *490 U.S. 1081, 109 S. Ct. 2102, 104 L. Ed. 2d 663 (1989)*. Defendant, like the defendant in Mitchell, is a community college district that obtains its funding from the state legislature. Defendant therefore enjoys the immunity provided state agencies by the Eleventh Amendment.

The parties contest the scope of this immunity. Defendant argues that the Eleventh Amendment bars retrospective damages and retrospective injunctive relief that involves the payment of state funds. Defendant's Memorandum in Support of Motion to Dismiss, at 8. Plaintiff argues that prospective injunctive relief is available if it does not require the payment of state funds. Plaintiff's Opposition, at [*6] 2. The parties thus agree that plaintiff's claims for damages and for restitution of

back-pay are barred, but that his claims for prospective injunctive relief are not.

Defendant, however, argues that all but one of plaintiff's claims for injunctive relief are retrospective in character. Def. Mem., at 8. Defendant cites *Ulaleo v. Paty*, 902 F.2d 1395, 1399 (9th Cir. 1990), for the proposition that relief sought is retrospective where a plaintiff seeks to be restored to his former position. In that case, the relief sought would have required the state "to purchase the lands from its [sic] present holder by way of cash or other land." *Id. at 1400*. The Ninth Circuit found this relief to be a retrospective remedy, as opposed to a prospective remedy designed to stop an ongoing violation of federal law. Id.

Plaintiff in this case, like plaintiffs in Ulaleo, asks the Court "to restore him" to his former status. This suggests that plaintiff seeks retrospective relief. But not all the relief sought is retrospective. For example, the maintenance of a personnel file containing allegedly unconstitutional censures and suspensions [*7] for sexual harassment constitutes an ongoing violation of federal law that is properly the subject of injunctive relief. Defendant would not be compelled to purchase land in order to withdraw derogatory statements from plaintiff's file.

The Eleventh Amendment therefore shields defendant from plaintiff's claims for compensatory damages and even for restitution of his back-pay under § 1983. It does not shield defendant from claims for injunctive relief to prevent ongoing violations of federal law.

2. Plaintiff's § 1983 Claims Fail Because Defendant Is Not A Person For Purposes of § 1983

Plaintiff's claims for injunctive relief under § 1983 claims are not barred by the Eleventh Amendment, but they are barred by plaintiff's choice to sue defendant District instead of college officials in their individual capacity. The Civil Rights Act of 1871 imposes liability on "every person" who, under color of state law, subjects a citizen to a deprivation of a federally protected right. 42 U.S.C. § 1983. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 2311, 105 L. Ed. 2d 45 (1989), the U.S. Supreme Court held that a state is not a [*8] person for purposes of § 1983. See also *Hale v. State of Ariz.*, 967 F.2d 1356, 1369 (9th Cir. 1992). The holding in Will applies to "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Will*, 109 S. Ct. at 2311. Defendant is an arm of the state for purposes of the Eleventh Amendment. *Mitchell*, 861 F.2d at 201. Accordingly, defendant is not a person for purposes of § 1983.

3. Plaintiff's First Amendment Claim Is Meritless

Even if plaintiff could sue defendant under § 1983, his First Amendment claim would fail. He claims that his right to freedom of speech has been violated by the disciplinary measures taken against him. While it is true that an employee of a state agency like a community college enjoys more protection from limitations on his speech than a worker in a private setting, the state employer retains a right to limit the exercise of speech by its employees. The U.S. Supreme Court struck the balance between a public employee's interest in free speech and a public employer's interest in regulating speech in *Connick v. Myers*, 461 U.S. 138, 103 S. Ct. 1684, 1690, 75 L. Ed. 2d 708 (1983). [*9] The Court held that a public employee did not have a cause of action against a state employer for restriction of her right to freedom of speech unless the speech at issue addressed a matter of public concern. The Ninth Circuit has defined speech on a matter of public concern as "speech that concerns 'issues about which information is needed or appropriate to enable members of society' to make informed decisions about the operation of their government." *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir. 1983) (citing *Thornhill v. Alabama*, 310 U.S. 88, 60 S. Ct. 736, 84 L. Ed. 1093 (1946)).

Plaintiff's birthday greetings to Ms. Frahm are clearly not a matter of public concern. While defendant's interest in regulating such apparently innocuous speech between employees is certainly questionable, plaintiff does not state a constitutional claim for violations of his First Amendment rights.

Plaintiff also alleges that defendant's sexual harassment policy has "chilled" his exercise of free speech. Amended Complaint, at 6. Absent specific factual allegations stating what protected speech of plaintiff's defendant has "chilled," plaintiff does not state [*10] a claim for a constitutional deprivation. *Spear v. Town of West Hartford*, 954 F.2d 63, 67 (2d Cir. 1992); *Laird v. Tatum*, 408 U.S. 1, 92 S. Ct. 2318, 2325-26, 33 L. Ed. 2d 154 (1972).

4. Plaintiff's Due Process Claim Would Be Viable, If He Had Sued Individual Officials Instead of A State Agency

Plaintiff alleges that he was deprived of his employment, in which he has a property interest, without due process of law in violation of his rights under the Fifth and Fourteenth Amendments. He was not terminated from his employment, but rather suspended without pay for a total of fifteen days. The U.S. Supreme Court held in *Cleveland Bd. of Educ. v. Loudermill*, 470

U.S. 532, 105 S. Ct. 1487, 1495, 84 L. Ed. 2d 494 (1985), that "a tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" before termination.

Because plaintiff was subjected to suspension rather than termination, his right to due process was diminished. "'Something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." Id. (citing [*11] *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 907, 47 L. Ed. 2d 18 (1976)). Plaintiff received notice of the censure and the suspensions. He responded in writing through the grievance process to the censure and the first suspension, and his superiors responded to his responses in writing. He also objected to his second suspension and demanded a hearing pursuant to *California Education Code § 87674*. School officials indicated after both suspensions that arbitrators would be appointed as required by the statute, but plaintiff alleges that arbitrators have not been appointed. It appears that plaintiff has not been granted the hearing owed him under the Education Code. The Fourteenth Amendment may require at least a post-suspension hearing, and this too plaintiff alleges he has been denied.

Whatever the dimensions of defendant's due process violations, defendant is not amenable to suit under § 1983.

5. Plaintiff Fails to State a Claim Under Title VII

Plaintiff has alleged no specific facts that support his claim that defendant has discriminated against him on the basis of race, sex, and sexual orientation. He alleges that "Defendant has taken the position that it is . . . entitled [*12] to prohibit any and all undesired contact by 'straight' white male employees of defendant with females," but he alleges no facts showing that such a policy has been announced or adopted. First Amended Complaint, at 5. The fact that plaintiff has been disciplined for sending greeting cards and the fact that he is a straight white male do not add up to a prima facie case for a disparate treatment claim. See *Sischo-Nownejad v. Merced Comm. Coll. Dist.*, 934 F.2d 1104, 1112 (9th Cir. 1991).

Plaintiff alleges that he has exhausted administrative remedies. He has filed grievances and asked for the arbitration promised by the CBA and *California Education Code § 87660* et seq. As requested by the Court, plaintiff has supplemented his amended complaint with evidence of his efforts to obtain an administrative remedy. He alleges that defendant has failed to fulfil its obligation to agree on an arbitrator. Plaintiff, however, has failed to allege (1) that he has filed a charge of discrimination with the Equal Employment Opportunity Commission or the California Fair Employment and Housing Administration, or (2) that he has been issued a right to sue letter by the EEOC, [*13] as required by 42 U.S.C. § 2000e-5.

The U.S. Supreme Court held in *Zipes v. Trans-World Airlines, Inc.*, 455 U.S. 385, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982), that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Defendant, by failing to respond to plaintiff's statutory and contractual right to arbitration, could fairly be held to be estopped from arguing that he has exhausted his administrative remedies. Nevertheless, because plaintiff does not allege facts that even remotely suggest that he has been singled out for mistreatment because of his race, sex, or sexual orientation, he fails to state a claim under Title VII.

6. Plaintiff's State Law Claims Are Dismissed For Lack of Federal Jurisdiction

Plaintiff concedes that his state law claims are barred by the Eleventh Amendment. Opposition, at 1. His sole state law claim is his claim of invasion of privacy, for which he asks for compensatory damages. Defendant contends that plaintiff failed to comply with [*14] state tort claim filing requirements and that his state claim is time-barred. Both arguments have merit. But these arguments are irrelevant if this Court loses jurisdiction through dismissal of plaintiff's federal law claims.

B. Defendant's Motion For A Monetary Sanction

1. Standard For Rule 11 Sanctions

*Federal Rule of Civil Procedure 11* provides, in relevant part:

> Every pleading, motion, and other paper . . . [filed with the Court] shall be signed by at least one attorney of record [or the party. . . .]

> The signature of an attorney or party constitutes a certificate by the signer that the [paper . . .] is [1] well grounded in fact and is [2] warranted by existing law or a good faith argument for the extension . . . of existing law . . . and [3] that it is not interposed for any improper purpose. . . .

> If a . . . paper is signed in violation of this rule, the court . . . shall impose . . . an appropriate sanction . . .

The test imposed by Rule 11 is an objective one. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986). The certification requirements of Rule 11 are violated "if the paper filed . . . is frivolous, [*15] legally unreasonable or without factual foundation, even though . . . not filed in subjective bad faith." Id.

Under this objective interpretation of Rule 11, a motion is "well grounded in fact" if an independent examination reveals "some credible evidence" in support of a party's statements. *Kendrick v. Zanides*, 609 F. Supp. 1162, 1172 (N.D. Cal. 1985). A motion is not warranted by law where no plausible, good faith argument can be made by a competent attorney in support of the proposition asserted. *Zaldivar v. City of Los Angeles*, 780 F.2d at 829, 833 (rejecting white heart, empty head defense).

Finally, under the objective interpretation of Rule 11, improper purpose is determined following the Court's own review of the facts and the law: Where there is no legal or factual basis for a claim, improper purpose may be deduced. See *Huettig & Schromm, Inc. v. Landscape Contractors*, 790 F.2d 1421, 1427 (9th Cir. 1986). Similarly, where there is a basis for a claim in law and fact, the "subjective intent of the pleader . . . is of no moment." *Zaldivar*, 780 F.2d at 830. [*16]

By its terms, sanctions under Rule 11 are limited to misconduct in the filing of "pleadings, motions, or other papers" with the Court. *United Energy Owners v. United Energy Management*, 837 F.2d 356, 364-65 (9th Cir. 1988). Additionally, the terms of Rule 11 are mandatory, and where the certification required by Rule 11 has been violated, sanctions must be imposed. *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536, 1540 (9th Cir. 1986). However, the type and amount of sanction remain within the discretion of the Court. Id.

A pro se litigant is held to an objective standard of reasonableness, though what is objectively reasonable for a pro se litigant may not be objectively reasonable for an attorney. *Business Guides v. Chromatic Com. Enter.*, 892 F.2d 802, 811 (9th Cir. 1989).

2. Defendant's Request

Defendant requests the Court to impose a sanction on plaintiff for reiterating arguments that the Court had deemed insufficient in the first complaint. Defendant contends that plaintiff has re-filed frivolous claims already disposed of by the Court in its Order of September [*17] 3, 1993 granting defendant's first motion to dismiss. Defendant further contends that plaintiff, though instructed to do so by the Court, has failed to allege the required factual and legal bases for both his Title VII claims and his invasion of privacy claim. Defendant asks for a sanction in the amount of $ 278.75, the cost to defendant of analyzing plaintiff's Title VII and invasion of privacy allegations in the amended complaint. Kivel Declaration, at 2.

Plaintiff amended his complaint with leave of the Court. He undertook to allege administrative exhaustion, and to provide a record thereof, at the Court's behest. Plaintiff also modified his request for relief to comply with the Court's evaluation of defendant's Eleventh Amendment immunity from claims for retrospective damages, dropping his requests for damages, while retaining the requests for injunctive and declaratory relief that the Court had said would be permitted by the Eleventh Amendment.

In sum, plaintiff has tried but failed to repair the deficiencies of his first complaint.

IV. CONCLUSION

Having considered the arguments of counsel, the papers submitted, the applicable law, and the entire record herein, the Court [*18] ORDERS the following:

1. Defendant's motion to dismiss the complaint for failure to state a claim is GRANTED.

2. Defendant's motion for the imposition of sanctions is DENIED.

IT IS SO ORDERED.

DATED: November 22, 1993

> D. Lowell Jensen
>
> United States District Judge