United States dollar equivalent of 3,030,000 French francs. Plaintiffs are awarded costs.

MOSK, J.

We concur: TURNER, P. J. ARMSTRONG, J.

Cite as 07 C.D.O.S. 8781

**JOSE A. ARIAS,** Petitioner,

v.

**SUPERIOR COURT OF SAN JOAQUIN COUNTY,** Respondent;

**ANGELO DAIRY et al.,** Real Parties in Interest.

No. C054185
In the Court of Appeal of the State of California
Third Appellate District
(San Joaquin)
(Super. Ct. No. CV028612)

ORIGINAL PROCEEDING: Application for a writ of mandate. Writ Issued.

### COUNSEL

California Rural Legal Assistance, Blanca A. Banuelos and Michael Meuter, for Petitioner.

No appearance for Respondent.

Saqui & Raimondo, Barsamian, Saqui & Moody, Anthony P. Raimondo, Michael C. Saqui, for Real Parties in Interest.

Filed July 24, 2007

### OPINION

At issue in this appeal is whether an individual bringing an action on behalf of himself and others under the Unfair Competition Law (UCL) (Bus. & Prof. Code, § 17200 et seq.) and the Labor Code Private Attorneys General Act (PAGA) (Lab. Code, § 2698 et seq.) must bring his representative claims as a class action.

We shall conclude that the UCL requires that a representative claim be brought as a class action because the UCL requires compliance with the class action provisions of Code of Civil Procedure section 382.[1] (Bus. & Prof. Code, § 17203.) We shall further conclude that the PAGA expressly allows a person to prosecute a representative claim without requiring that it be brought as a class action.[2]

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Jose Arias brought this action against Angelo Dairy, and Luis, Maria, and Joe Angelo (hereafter referred to collectively as Angelo Dairy). Arias was a former Angelo Dairy employee, who alleged he was not compensated for overtime wages, and that he received no meal periods or rest breaks during his shifts. He alleged numerous other Labor Code and regulatory violations, and alleged the housing Angelo Dairy provided its employees was not habitable. In addition to seeking damages from Angelo Dairy for the harm he alleged he suffered, Arias's complaint sought damages and injunctive relief in his representative capacity for the interest of other current and former employees of Angelo Dairy.

Arias brought his representative claims pursuant to two statutes: the UCL and the PAGA. Angelo Dairy moved to strike the causes of action purporting to state claims in Arias's representative capacity on the ground Arias did not comply with the requirements for pleading a class action. Respondent granted the motion to strike, and Arias filed

---

1. An undesignated section refers to the Code of Civil Procedure unless otherwise specified.
2. Petitioner's request for judicial notice is granted.

this petition for writ of mandate. We issued an alternative writ and stayed the proceedings pending resolution of this petition.

## DISCUSSION

### I

### *Arias's UCL Claims*

The UCL prohibits business practices that are unlawful, unfair, or fraudulent. (*Hudgins v. Neiman Marcus Group, Inc.* (1995) 34 Cal.App.4th 1109, 1126.) As enacted and until the passage of Proposition 64 in 2004 the UCL authorized a person to bring an action for relief on his or her own behalf or for the benefit of the general public "to restore to any person in interest any money or property, real or personal, which may have been acquired by means of... unfair competition." (Bus. & Prof. Code, § 17203; Stats. 1977, ch. 299, § 1, p. 1202.)

As pertinent, former Business and Professions Code section 17204 provided: "Actions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General... or upon the complaint of any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public." (Stats. 1993, ch. 926, § 2, pp. 5198-5199.)

Thus, under the prior law a private plaintiff had standing to sue to obtain relief under the UCL "in the interests of itself" even in the absence of an injury to the plaintiff. (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 561.) Further, a private plaintiff was also authorized to act for "the interests of... the general public," i.e., to bring a representative action "not certified as a class action in which a private person [was] the plaintiff and [sought] disgorgement and/or restitution on behalf of persons other than or in addition to the plaintiff." (*Kraus v. Trinity Management Services, Inc.* (2000) 23 Cal.4th 116, 126, fn. 10.)

In 2004, the voters passed Proposition 64. Section one of the initiative measure set forth Findings that the unfair competition laws were being misused by private attorneys who filed frivolous lawsuits where no client had been injured and who filed on behalf of the general public without accountability to the public or adequate court supervision. (See Historical and Statutory Notes, 5 West's Ann. Bus. & Prof. Code (2007 Supp.) foll. § 17203, p. 126.) To remedy that circumstance the proposition altered the standing and procedural requirements for bringing a UCL action. As relevant here, Business and Professions Code section 17204 now requires that a plaintiff have suffered damages, and Business and Professions Code section 17203 requires compliance with the provisions of section 382.[3]

---

3. Business and Professions Code sections 17203 and 17204 currently provide, with the Proposition 64 amendments shown in italics and strikeout type, as follows:

"§ 17203. Injunctive Relief—Court Orders

Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. *Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.*"

"§ 17204. Actions for Injunctions by Attorney General, District Attorney, County Counsel, and City Attorneys

Actions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or any district attorney or by any county counsel authorized

---

Section 382 deals with two topics: joining a party as a defendant if his consent to be a plaintiff cannot be obtained, and representative or class actions. It provides: "If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."[4]

The Supreme Court has stated that section 382 is based on the "equitable doctrine of virtual representation...." (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 703-704.) It is the primary statutory authority for class actions in California. (Cohelan on California Class Actions (2006-07 ed.) § 1:3, p. 4; *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 458.)

Arias argues that the plain language of Proposition 64 is clear and unambiguous, and that it contains no requirement that a representative suit be brought as a class action. We shall conclude that although Proposition 64 does not on its face require a representative claim to be pled as a class action, it requires that the claim comply with section 382, which is commonly understood to authorize class actions. The requirement that a representative claim comply with section 382 makes plain that a representative UCL claim must be pursued as a class action. To the extent that Proposition 64 presents any ambiguity, we resolve it by the indicia of the voters' intent. That intent, as set forth in the official ballot pamphlet, was that representative claims under the UCL be brought as class actions.

The objective of statutory construction is to determine the intent of the lawmaker, giving the words of the statute their usual and ordinary meaning. (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 783.) "When the statutory language is clear, we need go no further. If, however, the language supports more than one reasonable interpretation, we look to a variety of extrinsic aids, including the objects to be achieved, the evils to be remedied, legislative history, the statutory scheme of which the statute is a part, contemporaneous administrative construction, and questions of public policy." (*Ibid.*) The rules of statutory construction for initiative measures are the same as those for enacted statutes. (*People v. Bustamante* (1997) 57 Cal.App.4th 693, 699, fn. 5.)

In this case, Arias is correct that the language of Proposition 64 as set forth in Business and Professions Code section 17203 does not expressly require that a person who has suffered injury as a result of unfair competition bring representative claims as a class action. Instead, the statute requires such claims comply with section 382. Likewise, section 382 does not contain the term "class action." However, the second half of section 382, allowing one person to sue (or defend) for the benefit of all where the question is one of common interest, of many persons, or where

---

by agreement with the district attorney in actions involving violation of a county ordinance, or any city attorney of a city, or city and county, having a population in excess of 750,000, and, with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor or, with the consent of the district attorney, by a city attorney in any city and county in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public *who has suffered injury in fact and has lost money or property as a result of such unfair competition.*"

4. While we hold that the plaintiffs must meet the class action requirements of section 382 as to their representative claims, they are not precluded from bringing a nonrepresentative action by joining as defendants any affected person if his consent to be a plaintiff cannot be obtained, since the amendments to Business and Professions Code section 17203 apply only to "representative claims or relief on behalf of others...."

the parties are so numerous as to make it impracticable to bring them all before the court, has historically been interpreted to authorize one or more individuals to bring a class action.

The Supreme Court has interpreted the second half of section 382 as permitting two types of representative suits: class actions and actions by an association on behalf of its members. (*Californians For Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 233, fn. 4.)[5] An early case construing section 382 stated that the subject of the last half of the section is class suits, and that the section "provides for class suits... ." (*Barber v. California Employment Stabilization Commission* (1954) 130 Cal.App.2d 7, 13 (*Barber*).) In a landmark class action case, *Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, the Supreme Court accepted without discussion that section 382 authorizes class actions, and explained that in construing the second half of the statute, "it uniformly has been held that two requirements must be met in order to sustain any class action: (1) there must be an ascertainable class [citations]; and (2) there must be a well defined community of interest in the questions of law and fact involved affecting the parties to be represented [citations]." (*Id.* at p. 704.) Judicial opinions in this state have repeatedly held that section 382 is the statutory authorization for class actions in California. (*Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 462, 470 ["Code of Civil Procedure section 382 authorizes class action suits in California... ."]; *Bell v. Farmers Ins. Exchange* (2004) 115 Cal.App.4th 715, 739 ["The only statutory authorization for the class action consists of a phrase at the end of a statute dealing with compulsory joinder. Code of Civil Procedure section 382 states... ."]; *Brown v. Regents of University of California* (1984) 151 Cal.App.3d 982, 988 ["The authority for filing class actions is found in Code of Civil Procedure section 382,... ."]; *Slakey Bros. Sacramento, Inc. v. Parker* (1968) 265 Cal.App.2d 204, 206 ["Code of Civil Procedure section 382 permits a class suit... ."]. Section 382 is thus viewed in this state, at least as to the second half of the statute, as *the* class action statute.

Arias argues that section 382 authorizes representative actions that are not class actions. However, the three cases he cites for this proposition are not on point. *Weaver v. Pasadena Tournament of Roses Assn.* (1948) 32 Cal.2d 833 (*Weaver*), the first case cited by Arias, held that four individuals could not bring an action on behalf of themselves and others similarly situated to recover a statutory penalty for wrongful refusal of admission to the Rose Bowl Game because there was no "ascertainable class" and no "'common or general interest' in the subject-matter of the litigation appropriate to the maintenance of a representative action... ." (*Id.* at pp. 835, 839-840.) *Weaver* has been cited as authority for setting forth the minimum requirements of a class action. (*Barber, supra*, 130 Cal.App.2d at p. 14; *Professional Fire Fighters, Inc. v. City of Los Angeles* (1963) 60 Cal.2d 276, 284 (*Professional Fire Fighters*) ["The *Weaver* decision held that the plaintiffs therein had no capacity to bring a class action, not because they themselves had no beneficial interest, but because they failed to show that other members of the alleged class had similar interests."].) Thus, *Weaver* is a class action case in the sense that it found the plaintiffs had not met the minimum requirements for bringing a class action. It does not stand for the proposition that section 382 authorizes an individual to file a representative suit that is not a class action.

Arias also relies on *Professional Fire Fighters, supra*, to support his claim that section 382 authorizes an individual to bring a representative suit that is not a class action. However, *Professional Fire Fighters* held that an incorporated union, organized for the sole purpose of representing its members, had standing to sue on its members' behalf. (*Professional Fire Fighters, supra*, 60 Cal.2d at p. 284.) This case does not aid Arias's claim that section 382 permits non-class representative action, because as noted earlier, in addition to the traditional class action, section 382 allows an association to sue on behalf of its members, a situation not presented here.

The third case Arias cites, *Corbett v. Superior Court* (2002) 101 Cal.App.4th 649, was a UCL case decided prior to the passage of Proposition 64. It held that UCL claims and class actions were not mutually exclusive. (*Id.* at p. 655.) Thus, the court held that a plaintiff asserting a representative claim under the UCL as it existed prior to Proposition 64 could bring the case as a class action provided the requirements of section 382 were met. (*Id.* at p. 658.) The case is not authority for the proposition that section 382 authorizes representative actions that are not class actions.

Because section 382 has historically been interpreted to authorize a representative action by an individual as a class action only, the plain meaning of Business and Professions Code section 17203 requiring a claimant to comply with section 382 is clear: a representative UCL action by an individual must meet the requirements of a class action. To the extent there is any ambiguity in the language of Proposition 64, such ambiguity may be resolved by indicia of the voters' intent contained in the official ballot pamphlet. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.) In this case any ambiguity is conclusively resolved by the voter information guide to Proposition 64, which stated: "This measure requires that unfair competition lawsuits initiated by any person, other than the Attorney General and local public prosecutors, on behalf of others, meet the additional requirements of class action lawsuits." (Ballot Pamp., Gen. Elect. (Nov. 2, 2004) Analysis of Prop. 64, p. 39.) Accordingly, the trial court correctly struck the seventh through the tenth causes of action, and if Arias wishes to pursue these claims, he must amend his complaint to allege them either individually on his own behalf, or as a class action.

II.

### Arias's Labor Code Claims

Arias's eleventh cause of action, which he brings on his own behalf and on behalf of other current and former employees, seeks penalties pursuant to the PAGA. (Lab. Code, § 2698 et. seq.) Angelo Dairy maintains this claim must be brought as a class action. We shall conclude that the Labor Code statute authorizing a private enforcement action is an exception to the class action requirement.

Subdivision (a) of Labor Code section 2699 expressly allows a plaintiff ("an aggrieved employee") to bring an action on behalf of others. It states: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

The amount of the "civil penalty" is determined by the penalty set forth in the violated code section, unless the violated section establishes no penalty. In that case the

---

5. As enacted, associations and organizations whose members have a joint interest in their affairs, such as joint associations and partnerships, were included within the representative provisions of section 382. (See Code commrs. notes foll. 14 West's Ann. Code Civ. Proc., § 382 as enacted in 1872 (2004 ed.) p. 269.)

These provisions were retained when the UCL was amended pursuant to Proposition 64, the only change being the deletion of the phrase "person acting for the interests of itself," and its replacement with "person who has suffered injury... ." Accordingly, the amendments affect only natural "persons," who are subject to the injury in fact and damage requirements of Business and Professions Code section 17204.

amount of the penalty is $500 if the employer does not have employees at the time of the alleged violation, and $100 per aggrieved employee per pay period for each initial violation, and $200 per aggrieved employee per pay period for each subsequent violation if the employer has at least one employee at the time of the alleged violation. (Lab. Code, § 2699, subd. (f).) Any penalties recovered are distributed 75 percent to the Labor and Workforce Development Agency, and 25 percent "to the aggrieved employees." (Lab. Code, § 2699, subd. (i).) In addition to the recovery of penalties, a prevailing employee is entitled to an award of reasonable attorney fees and costs. (Lab. Code, § 2699, subd. (g)(1).)

An aggrieved employee may not bring a civil action for recovery of penalties pursuant to Labor Code section 2699 unless he or she has first given notice to the Labor and Workforce Development Agency and the employer, and the agency has advised that it does not intend to investigate the alleged violation. (Lab. Code, § 2699.3.) Arias's complaint alleged he gave the appropriate notice and the Labor and Workforce Development Agency advised him it did not intend to investigate his allegations.

The PAGA was adopted to empower aggrieved employees to act as private attorneys general and to authorize them to seek civil penalties for Labor Code violations that previously could be assessed only by state agencies. (*Dunlap v. Superior Court* (2006) 142 Cal.App.4th 330, 336.) In the uncodified portion of the act, the Legislature declared its reason for empowering aggrieved employees to act as private attorneys general: "Adequate financing of essential labor law enforcement functions is necessary to achieve maximum compliance with state labor laws in the underground economy and to ensure an effective disincentive for employers to engage in unlawful and anticompetitive business practices.... Staffing levels for state labor law enforcement agencies have, in general, declined over the last decade.... It is therefore in the public interest to provide that civil penalties for violations of the Labor Code may also be assessed and collected by aggrieved employees acting as private attorneys general...." (Stats. 2003, ch. 906, § 1.) Thus, the nature of an aggrieved employee's action under the PAGA is one of enforcement of the labor law.

Both the language of the PAGA and the express intent of the Legislature indicate that an aggrieved employee may bring an action on behalf of other employees without complying with the requirements of a class action. Labor Code section 2699 specifically states that an aggrieved employee may bring an action on behalf of other employees, "[n]otwithstanding any other provision of law...." The wording of the PAGA, which authorizes an aggrieved employee to bring an action "on behalf of himself or herself and other current or former employees... [,]" is similar to the former wording of Business and Professions Code section 17204, which authorized a person to bring an action "acting for the interests of itself, its members or the general public." Non-class representative actions were authorized under former Business and Professions Code section 17204. (See *Kraus v. Trinity Management Services, Inc.*, supra, 23 Cal.4th 116.) Unlike the current version of Business and Professions Code section 17203 after the passage of Proposition 64, the PAGA does not require that an action brought by an aggrieved employee comply with section 382 of the Code of Civil Procedure.

The Legislature has made clear that an action under the PAGA is in the nature of an enforcement action, with the aggrieved employee acting as a private attorney general to collect penalties from employers who violate labor laws. Such an action is fundamentally a law enforcement action designed to protect the public and penalize the defendant for past illegal conduct. Restitution is not the primary object of a PAGA action, as it is in most class actions. (*People v. Pacific Land Research Co.* (1977) 20 Cal.3d 10, 17; *Corbett v. Superior Court*, supra, 101 Cal.App.4th at p. 683.)

Thus, both the purpose and the language of PAGA indicate an enforcement action on behalf of others need not be brought as a class action.

Angelo Dairy argues that it is "hornbook law that a named plaintiff cannot recover on behalf of an unnamed non-party without pursuing the claims as a class action." However, as was true of UCL actions prior to Proposition 64, the Legislature may specifically provide for such a non-class representative action, and it has done so here.

Angelo Dairy also argues that because aggrieved employees are entitled to 25 percent of any penalty, there are fiduciary and constitutional concerns, and that class action procedures are required to ensure that no absent class member is deprived of the opportunity to independently press his claim. We perceive no difficulty. Each employee who is aggrieved, and each incident that constitutes a violation of law must be identified before any penalty can be levied. The 25 percent portion of the penalty not payable to the Labor and Workforce Development Agency is payable not to the employee named as a party, but to the "aggrieved employees." (Lab. Code, § 2699, subd. (i).) Moreover, an action under the PAGA is not for the purpose of recovering damages, but only for the recovery of a civil penalty. It does not preclude an employee from pursuing any other claim he may have available under law. (Lab. Code, § 2699, subd. (g)(1).)

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to: (1) vacate its order striking the seventh through eleventh causes of action, (2) enter a new order striking only the seventh through tenth causes of action, and (3) allow plaintiff 30 days to amend the complaint. The stay issued by this court on December 7, 2006, is vacated. Each party shall bear its costs in this writ proceeding.

BLEASE, Acting P. J.

We concur: RAYE, J., HULL, J.