1 ROBERT YONOWITZ (BAR NO. 132081)
STACEY A. ZARTLER (BAR NO. 160859)
2 **FISHER & PHILLIPS LLP**
One Embarcadero Center, Suite 2340
3 San Francisco, CA 94111-3712
Telephone: (415) 490-9000
4 Facsimile: (415) 490-9001
ryonowitz@laborlawyers.com
5 szartler@laborlawyers.com

6 JAMES R. EVANS, JR. (BAR NO. 119712)
MELISSA S. Mac PHERSON (BAR NO. 233884)
7 **FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street
8 Forty-First Floor
Los Angeles, CA 90071
9 Telephone: (213) 892-9200
Facsimile: (213) 892-9494
10 jevans@fulbright.com
mmacpherson@fulbright.com
11
Attorneys for Plaintiff
12 U-HAUL CO. OF CALIFORNIA, INC.

13                 IN THE UNITED STATES DISTRICT COURT

14             FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16 U-HAUL COMPANY OF CALIFORNIA,      ) Civil Action No.  C07-03848 CRB
   INC., a California corporation,    )
17                                     ) **NOTICE OF U-HAUL CO. OF**
                Plaintiff,             ) **CALIFORNIA INC.'S MOTION**
18                                     ) **AND MOTION TO TRANSFER**
            v.                         ) **TO CENTRAL DISTRICT, OR,**
19                                     ) **IN THE ALTERNATIVE, TO**
   NORTHWEST STAFFING                  ) **REMAND THIS MATTER TO**
20 RESOURCES, INC., an Oregon          ) **STATE COURT AND FOR**
   corporation; RESOURCE STAFFING      ) **COSTS AND FEES;**
21 GROUP, INC., an Oregon corporation; ) **MEMORANDUM OF POINTS**
   DULCICH STAFFING, LLC, an Oregon    ) **AND AUTHORITIES IN**
22 limited liability corporation, and DOES 1 ) **SUPPORT THEREOF**
   through 25, inclusive,              )
23                                     ) [Declarations of Ricardo Briceno
                Defendant.             ) and Melissa S. Mac Pherson and
24                                     ) [Proposed] Order Filed
                                       ) Concurrently Herewith]
25                                     )
                                       ) [28 U.S.C. §§ 1441(a), 1446(a),
26                                     ) 1447(c)]
                                       )
27                                     ) Date:  September 28, 2007
                                       ) Time:  10:00 a.m.
28                                     ) Place: Courtroom 8

DOCUMENT PREPARED
ON RECYCLED PAPER

1    **PLEASE TAKE NOTICE** that on September 28, 2007, at 10:00 a.m., or as
2    soon thereafter as counsel can be heard in the above-entitled Court, located at 450
3    Golden Gate Avenue, San Francisco, California 94102, plaintiff U-Haul Co. of
4    California, Inc. ("UHC") will move, and hereby moves, the Court for an order
5    transferring this action to the United States District Court, Central District,
6    Southern Division, pursuant to Title 28 of the United States Code, sections 1441
7    and 1446.  Alternatively, UHC will move, and hereby moves, the Court for an order
8    remanding this action to the Superior Court of the State of California for the County
9    of Orange pursuant to Title 28 of the United States Code, section 1447.

10    The motio n to transfer is made on the ground that defendants Resource
11    Staffing Group, Inc. and Dulcich Staffing, LLC (collectively, "Defendants") have
12    improperly removed this case from Orange County Superior Court to the Northern
13    District of California.  If the District Court had subject matter jurisdiction (which it
14    does not), the proper federal court to remove the action to would have been the
15    United States District Court for the Central District of California.  Alternatively, the
16    motion to remand is made on the ground that this Court lacks subject matter
17    jurisdiction which is purportedly based upon diversity jurisdiction.

18    Please take further notice that at the same time and place, U-Haul will move,
19    and hereby does move, for an award of attorneys' fees and costs associated with
20    this Motion to be assessed against Defendants pursuant to Title 28 of the United
21    States Code, section 1447(c).
22    ///
23    ///
24
25
26
27
28

1    This Motion is based upon this Notice, the accompanying Memorandum of

2  Points and Authorities and supporting declarations, all the pleadings and papers on

3  file herein, and on such other further evidence and oral argument as may be

4  presented at the hearing on this matter.

5  Dated:   August 24, 2007                    ROBERT YONOWITZ
                                              STACEY A. ZARTLER
6                                             **FISHER & PHILLIPS LLP**

7                                             JAMES R. EVANS, JR.
                                              MELISSA S. Mac PHERSON
8                                             **FULBRIGHT & JAWORSKI L.L.P.**

9

10                                  By

11                                         MELISSA S. Mac PHERSON
                                           Attorneys for Plaintiff
12                                         U-HAUL COMPANY OF CALIFORNIA, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

UHC filed a complaint against Defendants and Northwest Staffing Resources, Inc. in Orange County Superior Court on June 27, 2007. The Orange County Superior Court is located within the Central District of California. On July 26, 2007, Defendants filed a notice of removal purportedly based on diversity jurisdiction and, in the alternative, federal question jurisdiction. See Notice, ¶¶ 7-8.[1]

The removal statute is clear:  the proper Court for removal is "the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a). See also 28 U.S.C. § 1446(a).  Rather than removing this case to the Central District of California, Defendants removed the action to the Northern District of California.  Defendants' removal is defective and the Court should transfer this action to the United Stated District Court for the Central District of California— Southern Division.

Moreover, this Court lacks subject matter jurisdiction because Defendants cannot meet their burden of establishing complete diversity.  Defendants' conclusory allegations that their respective principal places of business are in Oregon are insufficient to confer diversity jurisdiction. See Notice, ¶¶ 4-5, 7. All of UHC's interactions with Defendants occurred within the State of California where Defendants' principal place of business is located.

Defendants' also invoke federal question jurisdiction as the basis for their removal of the action to federal court.  There is no federal question presented here—the claim for damages arise out of the failure of Defendants to perform their contractual obligations to plaintiff.  Defendants' assertion that UHC's claims for fraud, unfair business practices, breach of contract, and indemnity somehow

---

[1]/    For the Court's convenience UHC attaches a copy of the Notice of Removal as Exhibit 1 to this Memorandum.

DOCUMENT PREPARED
ON RECYCLED PAPER

1   implicate the Employee Retirement Income Security Act ("ERISA"), such that

2   federal question jurisdiction exists, are belied by the allegations of UHC's

3   complaint.

4        Accordingly, UHC requests that the Court transfer this action to the Central

5   District, Southern Division—the Court to which this case should have been

6   removed. Alternatively, UHC requests the Court to remand this action to Orange

7   County Superior Court because Defendants cannot establish diversity jurisdiction

8   or federal question jurisdiction. Because Defendants' removal is wholly meritless,

9   UHC should be awarded its fees and costs incurred in bringing this motion. See 28

10   U.S.C. § 1447(c).

11   **II.**   **ARGUMENT**

12      A.   The Court Should Transfer This Action to the Central District of

13          California, Southern Division

14        Pursuant to 28 U.S.C. sections 1441(a) and 1446(a), Defendants were

15   required to file their notice of removal in the United States District Court for the

16   Central District of California, Southern Division—"the district and division

17   embracing the place where such action is pending." See also Calif. ex rel. Lockyer

18   v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). However, Defendants

19   improperly removed this action to the Northern District instead. As such, the Court

20   should transfer this action to the proper district. See Scott v. Jacobson, 2006 U.S.

21   Dist. LEXIS 53513, *6 (E.D. Cal. 2006) (defendant erred in removing action from

22   Colorado state court to Eastern District of California; case only removable to U.S.

23   District Court, District of Colorado); Jackson v. City of New York, 2007 U.S. Dist.

24   LEXIS 46960, *1-2 (E.D.N.Y. 2007) (court transferred action to Southern District

25   of New York when improperly removed to Eastern District).

26

27

28

B.    Alternatively, the Court Should Remand This Action to Orange County Superior Court Because the Court Lacks Jurisdiction

Removal of a case to federal court is proper only if the case could have originally been heard in federal court based on diversity or federal question subject matter jurisdiction.  28 U.S.C. § 1441(a).  It is well-settled that a removing party bears the burden of demonstrating that federal jurisdictional requirements have been satisfied and that removal was procedurally proper.  The Ninth Circuit applies a "'strong presumption' against removal jurisdiction," with the result that "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 n.3 (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)).  Any ambiguity or doubt will be construed against removal because the removal statute should be strictly construed in favor of remand.  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1118 (9th Cir. 2004).

If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident removal by remanding the action to state court.  28 U.S.C. § 1447; see e.g., ARCO Envtl. Remediation, LLC v. Dept. of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).  Here, Defendants' removal was not only procedurally defective, as set forth above, but Defendants fail to establish that diversity or federal question jurisdiction exist.

1.    The Court Should Remand This Action for Lack of Diversity Jurisdiction

The party asserting diversity jurisdiction has the burden of proving such jurisdictional facts.  U.S. ex rel. Aflatooni v. Kitsap Physician Servs., 163 F.3d 516, 525 (9th Cir. 1998); see also John Birch Soc. v. Nat'l Broadcasting Co., 377 F.2d 194, 197 (2d Cir. 1967) ("diversity of citizenship must be apparent from the pleadings"); Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.N.Y. 1983)

1  (diversity jurisdiction must be alleged with detail and certainty). Because

2  Defendants have based their Notice of Removal on diversity jurisdiction, they must

3  set forth sufficient facts demonstrating that this Court may properly exercise subject

4  matter jurisdiction.   Defendants have failed to meet this burden.   They merely

5  allege that they are incorporated in and operate their principal places of business in

6  Oregon. See Notice, ¶ 7.  Therefore, the Court should remand this action.

7         In determining where a corporate entity's principal place of business is

8  located, the Ninth Circuit examines the entity's "total activities," taking into

9  account all aspects of the corporation's business. Industrial Tectonics, Inc. v. Aero

10  Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place of business

11  should be the place where the corporation conducts the most activity that is visible

12  and impacts the public, so that it is least likely to suffer from prejudice against

13  outsiders.").  Courts examine the following factors: (1) the location of the majority

14  of the corporation's employees; (2) the location of the majority of the corporation's

15  tangible properties; (3) the location of the majority of the corporation's production

16  activities; (4) the location where most of the corporation's income is earned; (5) the

17  location where most of the corporation's purchases are made; and (6) the location

18  where most of the corporation's sales take place. Industrial Tectonics, 912 F.2d at

19  1094.  See Tosco Corp. v. Communities For a Better Env't, 236 F.3d 495, 499 (9th

20  Cir. 2001) (substantial predominance required to be analyzed to determine principal

21  place of business); United Computer Sys. v. AT&T Info. Sys., Inc., 298 F.3d 756,

22  763 (9th Cir. 2002) (removing defendants required to establish principal place of

23  business by detailed declarations of management).

24         Defendants have failed to provide any facts that would permit the Court to

25  perform the Industrial Tectonics analysis.   The conclusory allegation that a

26  corporation is a citizen of a certain state without such additional proof is

27  insufficient to confer diversity jurisdiction. Fifty Associates v. Prudential Ins. Co.,

28  446 F.2d 1187, 1190 (9th Cir. 1970).  Defendants have done nothing to supply the

1    Court with the information it needs to determine their principal places of business.

2    In particular, Defendants have not offered any proof showing the number of

3    corporate employees, sales or profits derived from California for defendant

4    Resource Staffing Group, Inc. ("RSG").

5         Defendants simply make the conclusory allegation that while RSG "is doing

6    business or has engaged in business in California, Nevada and Arizona," that its

7    principal place of business is in Oregon. <u>See</u> Notice, ¶¶ 5, 7. On its website,

8    however, RSG identifies only two business locations, both of which are in

9    California—Sacramento and Roseville. Declaration of Melissa S. Mac Pherson, ¶

10   3. RSG hires California-based employees and supplies them to businesses in the

11   State of California. <u>Id.</u> at ¶ 4. All of the 38 current job openings listed on RSG's

12   website are in California. <u>Id.</u> at ¶ 5.

13        Additionally, UHC dealt with RSG representatives only in the State of

14   California. Declaration of Ricardo Briceno, ¶¶ 4, 9. Pursuant to the contract that is

15   the subject matter of this dispute, RSG supplied California employees to UHC to

16   perform work in California. <u>Id.</u> at ¶¶ 3, 5. RSG's misrepresentations were made to

17   UHC in California by RSG's representatives in California offices. <u>Id.</u> at ¶ 4. UHC

18   submitted timesheets and paid and remitted all invoices to RSG in California. <u>Id.</u> at

19   ¶ 7. When RSG was accused of unfair labor practices in California, it repudiated its

20   staffing agreement with UHC in California. <u>Id.</u> at ¶ 8.

21        Defendants have utterly failed to meet their burden of establishing diversity

22   jurisdiction.

23           2.    <u>The Court Should Remand This Action for Lack of Federal</u>

24                 <u>Question Jurisdiction</u>

25        Defendants alternatively premise their removal on federal question

26   jurisdiction. <u>See</u> Notice, ¶ 8. However, a cursory review of the paragraphs cited by

27   Defendants in support of their allegation demonstrate that this law suit has nothing

28   to do with the underlying National Labor Relations Board proceedings or ERISA.

1  <u>See</u> <u>id.</u>; Complaint, ¶¶ 24, 26, 29, 31-33, 36-37.  <u>See also</u> <u>Calif. ex rel. Lockyer</u>, 375

2  F.3d at 838 ("The federal issue 'must be disclosed upon the face of the complaint,

3  unaided by the answer or by the petition for removal.'").

4       Where the claims at issue appear to involve employee benefit plans, a court

5  must determine whether such claims are preempted by ERISA.  <u>Donald I. Galen,</u>

6  <u>M.D., Inc. v. McAllister</u>, 833 F. Supp. 761, 763 (N.D. Cal. 1992) ("<u>Galen</u>").  In

7  <u>Galen</u>, the court held that a state-law action for breach of contract, negligence,

8  breach of fiduciary duty, fraud, and intentional infliction of emotional distress was

9  improperly removed on ERISA preemption grounds where the plaintiffs hired

10  administrators to run an employee benefits program, and the administrators

11  allegedly failed to manage the plan in accordance with the parties' contract.  <u>Id.</u> at

12  762-63.

13       Here, there is no allegation that an employee benefit plan is even involved,

14  let alone that any party to this action is a beneficiary of such a plan, such that this

15  action would be preempted by ERISA.  This is an action by UHC for breach of

16  contract, fraud, unfair business practices, and indemnity, and in no way would

17  require this Court to interpret ERISA.  Accordingly, Defendants have failed to meet

18  their burden of establishing federal question jurisdiction.[2]

19  **III.   UHC IS ENTITLED TO COSTS AND FEES FOR FILING THIS**

20  **MOTION**

21       Pursuant to 28 U.S.C. section 1447(c), a federal court may order the

22  improperly removing defendant to pay the prevailing plaintiff's just costs and any

23  actual expenses, including attorney's fees, incurred as a result of the removal.  <u>See</u>

24  <u>Gotro v. R & B Realty Group</u>, 69 F.3d 1485, 1486-88 (9th Cir. 1995) (no bad faith

25

26  [2]/     Additionally, "[t]he Ninth Circuit favors remanding procedurally defective
removals, even in cases of clear ERISA preemption." <u>Olsen v. Foundation Health</u>

27  <u>Plan</u>, 1999 U.S. Dist. LEXIS 8843, *6 (N.D. Cal. 1999) (citing <u>Cantrell v. Great</u>
<u>Republic Ins. Co.</u>, 873 F.2d 1249 (9th Cir. 1989); <u>Samura v. Kaiser Foundation</u>

28  <u>Health Plan, Inc.</u>, 715 F. Supp. 970 (N.D. Cal. 1989)).

1  showing or Rule 11 violation required to award fees and costs). UHC requests its

2  costs and fees if the Court transfers or remands this action in the amount of

3  $4095.00. Mac Pherson Decl., ¶ 6.

4  **IV.** **CONCLUSION**

5      For the foregoing reasons, UHC respectfully requests that the Court transfer

6  this action to the Central District, Southern Division, because this action was

7  improperly removed to the Northern District. Alternatively, UHC requests that the

8  Court remand this action to Orange County Superior Court because Defendants

9  have failed establish diversity jurisdiction or federal question jurisdiction.

10  Dated:   August 24, 2007            ROBERT YONOWITZ
                                        STACEY A. ZARTLER
11                                      **FISHER & PHILLIPS LLP**

12                                      JAMES R. EVANS, JR.
                                        MELISSA S. Mac PHERSON
13                                      **FULBRIGHT & JAWORSKI L.L.P.**

14

15                                      By _Melissa S. MacPhon_

16                                          MELISSA S. Mac PHERSON
                                        Attorneys for Plaintiff
17                                      U-HAUL COMPANY OF CALIFORNIA, INC.

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  David Miller, SBN: 104139
   MILLER & ANGSTADT
2  A Professional Corporation
   1910 Olympic Boulevard, Suite 220
3  Walnut Creek, CA 94596
   Telephone: 925-930-9255
4  Facsimile: 925-930-7595

COPY RECEIVED

JUL 2 6 2007

5  Attorneys for Defendants
   NORTHWEST STAFFING RESOURCES, INC.,
6  an Oregon corporation; RESOURCE
   STAFFING GROUP, INC., an Oregon
7  corporation DULCICH STAFFING, LLC, an
   Oregon limited liability corporation

8

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

**IN AND FOR THE COUNTY OF ORANGE**

10

11

12  U-HAUL COMPANY OF CALIFORNIA,
    Inc., a California corporation,

**CASE NO. 07CC07370**

13                          Plaintiffs,

14  v.

15

16  NORTHWEST STAFFING RESOURCES,
    INC., an Oregon corporation; RESOURCE
17  STAFFING GROUP, INC., an Oregon
    corporation; DULCICH STAFFING, LLC,
18  an Oregon limited liability corporation; and
    DOES 1 TO 25 inclusive,

**NOTICE TO STATE COURT AND TO
ADVERSE PARTY OF FILING
NOTICE OF REMOVAL OF ACTION
TO FEDERAL COURT 28 U.S.C. § 1332
and 1441(b); Diversity of Citizenship
Jurisdiction; Removal Jurisdiction;
and/or Federal Question**

19

20                          Defendants.

21  _____ /

22  **TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF**

23  **ORANGE, AND TO PLAINTIFF U-HAUL COMPANY OF CALIFORNIA, INC., A**

24  **CALIFORNIA CORPORATION AND THEIR ATTORNEYS OF RECORD:**

25      PLEASE TAKE NOTICE that on July 26, 2007, Defendants RESOURCE

26  STAFFING GROUP, INC., an Oregon corporation and DULCICH STAFFING, LLC, an

27  Oregon limited liability corporation("Defendants") filed a Notice of Removal of this action in the

28  United States District Court for the Northern District of California, and unserved Defendant

Notice of Removal

David Miller, SBN: 104139
MILLER & ANGSTADT
A Professional Corporation
1910 Olympic Boulevard, Suite 220
Walnut Creek, CA 94596
Telephone: 925-930-9255
Facsimile: 925-930-7595

E-filing

ORIGINAL
FILED
JUL 2 6 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Attorneys for Defendants
NORTHWEST STAFFING RESOURCES, INC.,
an Oregon corporation; RESOURCE
STAFFING GROUP, INC., an Oregon
corporation DULCICH STAFFING, LLC, an
Oregon limited liability corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

U-HAUL COMPANY OF CALIFORNIA,
Inc., a California corporation,

                    Plaintiffs,

v.

NORTHWEST STAFFING RESOURCES,
INC., an Oregon corporation; RESOURCE
STAFFING GROUP, INC., an Oregon
corporation; DULCICH STAFFING, LLC,
an Oregon limited liability corporation; and
DOES 1 TO 25 inclusive,

                    Defendants.

_____/

CASE NO. C07-03848 JCS ADR

**NOTICE OF REMOVAL OF ACTION
TO FEDERAL COURT 28 U.S.C. § 1332
and 1441(b); Diversity of Citizenship
Jurisdiction, or in the alternative,
Federal Question Jurisdiction**

**Complaint Filed June 27, 2007**

**TO CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA:**

       PLEASE TAKE NOTICE that Defendants RESOURCE STAFFING GROUP, INC., an

Oregon corporation and DULCICH STAFFING, LLC, an Oregon limited liability corporation

("Defendants") hereby remove to this Court the state court action described below.

       1.     On June 27, 2007, Plaintiff U-HAUL COMPANY OF

CALIFORNIA, Inc., a California corporation, ("Plaintiff") commenced the action of U-HAUL

                                                    Notice of Removal of Action to
                                                    Federal Court

1  COMPANY OF CALIFORNIA, Inc., a California corporation v. NORTHWEST STAFFING

2  RESOURCES, INC., an Oregon corporation (hereafter "NORTHWEST STAFFING");

3  RESOURCE STAFFING GROUP, INC., an Oregon corporation; (hereafter "Defendant RSG")

4  DULCICH STAFFING, LLC, an Oregon limited liability corporation (hereafter "DULCICH

5  STAFFING"); and DOES 1 TO 25 inclusive, in the Superior Court of the State of California,

6  County of Orange, Case No. 07CC07370, by filing a complaint ("Complaint") against the named

7  Defendants.  On July 6, 2007, Plaintiff served the Complaint and State Court Summons on

8  Defendant RSG.  Plaintiff served Defendant DULCICH STAFFING on July 9, 2007.  To the

9  knowledge of the undersigned Defendants, Plaintiff has not served Defendant NORTHWEST

10 STAFFING.  Defendants Resource Staffing and DULCICH STAFFING have not filed an answer

11 or other responsive pleading in the State Court but will do so in this Court consistent with FRCP

12 81(c) and 12(a)(b).  A copy of the complaint and incorporated exhibits are attached as Exhibit A.

13 Defendant NORTHWEST STAFFING has not yet been served and will timely file an appropriate

14 responsive pleading if and when it has been served.

15       2.      Plaintiff's Complaint alleges Fraudulent Inducement, Fraud, Unlawful, Unfair and

16 Fraudulent Business Practices, False and Misleading Advertising, Aiding and Abetting, Breach

17 of Contract, Contractual Indemnity, Equitable Indemnity and Contribution.  The Complaint seeks

18 unspecified damages, attorneys fees and costs.  The Complaint demands reimbursement of "over

19 $279,000.00 in back pay liability, among other damages," as well as unspecified attorneys fees,

20 which are claimed as recoverable as a matter of contract.

21       3.      Previous correspondence between counsel for the parties indicate that Plaintiff's

22 claimed damages are in excess of $ 900,000.00, including more than $500,000.00 in "Attorneys

23 Fees."

24       4.      Named Defendants NORTHWEST STAFFING (as yet not served) and DULCICH

25 STAFFING, LLC, are respectively an Oregon Corporation and an Oregon Limited Liability

26 Corporation, with their principal places of business in Portland, Oregon.

27       5.      Defendant Resources Staffing is an Oregon Corporation with its

28

                                                    Notice of Removal of Action to
                                                    Federal Court

1  principal place of business in Portland, Oregon, and is doing business or has engaged in business

2  in California, Nevada and Arizona.

3       6.    This Notice of Removal has been timely filed under 28 U.S.C. Section 1446(b)

4  because it was filed within thirty (30) days of Defendant RSG's receipt of Plaintiff's Complaint.

5       7.    <u>Diversity</u>: This is a civil action in which this Court has original jurisdiction under

6  28 U.S.C. section 1332, and is one that may be removed to this Court by Defendants pursuant to

7  28 U.S.C. section 1441(b) because complete diversity of citizenship exists in that Defendants

8  RSG, NORTHWEST STAFFING and DULCICH STAFFING are incorporated and operate their

9  principal place of business in Oregon.  Inasmuch as Plaintiff pleads that the amount in

10  controversy in this action exceeds $200,000.00, and has indicated that the amount in controversy

11  exceeds $900,000.00, diversity of citizenship exists and the amount in controversy is sufficient

12  for removal.

13       8.    <u>Federal Question</u>: In the alternative, Plaintiff's complaint at ¶¶ 24, 26, 29, 31, 32,

14  33, 36 and 37 alleges <u>inter alia</u> that Defendants' alleged repudiation of contract was in derogation

15  of obligations they allegedly had to Plaintiff with regard to representation and unfair labor

16  practice proceedings before the National Labor Relations Board under the National Labor

17  Relations Act, and that Defendants caused  Plaintiff to incur back pay, fringe benefit and other

18  liability to certain individuals under the National Labor Relations Act which it would not

19  otherwise have incurred, including the payment to workers of "net wages and fringe benefits"

20  (Complaint Exhibit B ¶ 21 and Exhibit C) had Defendants not withdrawn from a certain contract

21  when it did, as well as attorneys fees to defend the representation and unfair labor practice

22  proceeding.  Thus, the issues raised by Plaintiff and the facts plead in support of them would

23  substitute its own liability for wages and for fringe benefits covered by the Federal Employee

24  Retirement and Income Security Act and under federal law with Defendants', in derogation of

25  federal statutory law.

26       9.    <u>Venue</u> is proper in the United States District Court for the Northern District of

27  California pursuant to 28 U.S.C. section 1391(b) because the action arose within this judicial

28

Notice of Removal of Action to
Federal Court

1   district.

2        10.    Consequently, this is a civil action of which this Court has original jurisdiction

3   under 28 U.S.C. § 1331 and which may be removed to this Court by Defendants pursuant to the

4   provisions of 29 U.S.C. § 1001 et. seq., 29 U.S.C. 1144 (a) and 29 U.S.C. 1132 (a).

5        11.    As noted above, Defendants in this matter are Oregon corporations and an

6   Oregon Limited Liability Corporation, although only Defendant RSG and DULCICH

7   STAFFING, LLC have been served.

8        12.    For all the foregoing reasons, this Court has original jurisdiction over this matter

9   under 28 U.S.C. section 1391(b).

10       WHEREFORE, Defendants pray that the above action now pending against them in the

11  Superior Court for the State of California, County of Orange, be removed to this Court.

12                      **CERTIFICATE OF INTERESTED PARTIES**

13       Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

14  removing Defendants and Plaintiff, there are no interested parties, although the unserved

15  Defendant is aware of this action and, although it has not appeared, does not object to and joins

16  in the removal.

17

18  DATE: July 25, 2007

19                              Respectfully submitted,

20                              By _____
                                    David Miller
21                                  Attorney for Defendants
                                    NORTHWEST STAFFING RESOURCES,
22                                  INC., and RESOURCE STAFFING
                                    GROUP, INC.

23

24

25

26

27

28

                                            Notice of Removal of Action to
                                            Federal Court

## PROOF OF SERVICE

I, Maria Vara, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On August 24, 2007, I served a copy of the within document(s):

**NOTICE OF U-HAUL CO. OF CALIFORNIA INC.'S MOTION AND MOTION TO TRANSFER TO CENTRAL DISTRICT, OR, IN THE ALTERNATIVE, TO REMAND THIS MATTER TO STATE COURT AND FOR COSTS AND FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒     I caused said document to be sent via e-mail to the Court for distribution to the interested parties at the e-mail addresses as provided to the Electronic Case Filing System pursuant to General Order No. 45.

David Miller, Esq.                                  Phone: (925) 930-9255
MILLER & ANGSTADT                        Fax: (925) 930-7595
1910 Olympic Boulevard, Suite 220        Email: dmiller@ma-law.com
Walnut Creek, CA 94596

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 24, 2007, at Los Angeles, California.

_____
Maria Vara

DOCUMENT PREPARED
ON RECYCLED PAPER