David Miller, SBN: 104139
MILLER & ANGSTADT
A Professional Corporation
1910 Olympic Boulevard, Suite 220
Walnut Creek, CA 94596
Telephone: 925-930-9255
Facsimile: 925-930-7595

Attorneys for Defendants
NORTHWEST STAFFING RESOURCES, INC.,
an Oregon corporation; RESOURCE
STAFFING GROUP, INC., an Oregon
corporation DULCICH STAFFING, LLC, an
Oregon limited liability corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U-HAUL COMPANY OF CALIFORNIA, Inc., a California corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>NORTHWEST STAFFING RESOURCES, INC., an Oregon corporation; RESOURCE STAFFING GROUP, INC., an Oregon corporation; DULCICH STAFFING, LLC, an Oregon limited liability corporation; and DOES 1 TO 25 inclusive,<br><br>        Defendants.<br>_____ / | CASE NO. C07-3848 CRB<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER TO CENTRAL DISTRICT, OR IN THE ALTERNATIVE TO REMAND THIS MATTER TO STATE COURT AND FOR COSTS AND FEES<br><br>Date: October 5, 2007<br>Time: 2:30 p.m.<br>Dept: Courtroom 8, 19th Floor |

A.  **Introduction**

Defendants RESOURCE STAFFING GROUP, INC., (hereafter "RSG"), DULCICH STAFFING, LLC (hereafter "Dulcich") and NORTHWEST STAFFING, INC., (hereafter NWS") oppose Plaintiff's motion to the extent that it seeks to remand this matter to state court and it requests attorneys fees for filing the motion. Defendants assert that removal was proper in that it was based on facts as stated in Plaintiff's State Court complaint, as well as facts revealed in its own counsel's investigation of the facts pertinent to removal. Defendant further asserts that under the specific facts set forth in Defense Counsel's declaration filed in support of their opposition, that it would be an abuse of this court's wide discretion to grant Plaintiff attorneys fees for filing the motion.

B.  **Pertinent Facts**

Plaintiff's State Court complaint concedes that all Defendants are two Oregon corporations and one Oregon limited liability company. There is nothing stated in the complaint that any defendant is a citizen of California. Rather, the complaint obliquely states that Defendant Resource Staffing Group ("RSG") operates a "business enterprise" in California. There is no assertion that this "business enterprise" is RSG's "principal place of business." Stated another way, the basis for removal on a diversity basis appears on the face of the complaint. However, though not legally required, before preparing removal papers, Defendants Counsel determined that neither Defendants NORTHWEST STAFFING, INC., (hereafter NWS") nor DULCICH STAFFING, LLC (hereafter "Dulcich") conduct business in California, and that although RSG, which is an Oregon corporation, did conduct its primary business of temporary staffing in California, it also does so or has in recent time done so in Washington, Arizona and Nevada as well (see Dec. Of David Miller, Exhibit A). In sum, because RSG conducts its business in a variety of states and had at the time of removal office facilities in both Oregon and California, it was determined prior to removal that its corporate headquarters are likely the location that which can best be considered its "principal place of business," (Dec. of David Miller, ¶ 3).

The removal of this matter was timely accomplished on July 26, 2007.[1] Following removal, Plaintiff's Counsel did not communicate with Defendants Counsel. More particularly, the issue of removal to an incorrect district court or was not raised until Plaintiff's Counsel filed the instant motion (Dec. of David Miller, ¶ 4).

Shortly after receipt of the motion, Defense Counsel attempted to contact Plaintiff's Counsel to discuss a stipulation to transfer this matter to the Central District of California. Due to the departure from Plaintiff's attorney's law firm of the attorney who authored the motion, there was no contact made until September 4, 2007, understandable under the circumstances, when Counsel were able to discuss a stipulation to either transfer or remand the case. Defendants' Counsel made persistent efforts to conclude a stipulation, informed Plaintiff's Counsel of their willingness to do so but until September 7, 2007, Plaintiff's Counsel has been silent. However, in the afternoon of that date, Plaintiff's counsel advised that his client would stipulate to transfer this matter to the Central District, on condition that he was not waiving his client's right to seek attorneys fees but would agree in the stipulation to seek its fees upon successful conclusion of the case. He also conditioned the stipulation upon this opposition not casting "blame" on his office. In stating the facts as they occurred, it is not Defendants objective to cast any "blame" at all. Defendants agree that the removal papers erroneously removed the case to the incorrect District for the purpose of the removal statute, but that removal itself was proper. Upon being so advised, they immediately sought to correct the error. (Dec. of David Miller, ¶¶ 5-7,9). We submit that although removal was proper, in any event Defendant had a reasonable basis for seeking removal. Plaintiff should not be awarded attorneys fees.

C.  **Argument**

1. Removal was proper based on the four corners of Plaintiff's complaint.

The procedure for removal is set out in 28 U.S.C. §1446(a):

"A defendant or defendants desiring to remove any civil action . . . from a State Court shall file in the district court . . . a notice of removal . . . containing a short and plain statement

---

[1] The timeliness of removal has not been challenged.

of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action."

1. 28 U.S.C. §1446(b) dictates that the notice of removal must be filed during the first thirty days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable."

Diversity cases present three removal "scenarios":[2] (1) the case clearly is removable on the basis of jurisdictional facts apparent from the of the complaint, i.e., complete diversity of citizenship; (2) the case is clearly not removable on the basis of jurisdictional facts apparent from the fact of the complaint, i.e., complete lack of diversity; or (3) it is unclear from the complaint whether the case is removable, i.e., the citizenship of the parties is unstated or ambiguous," Harris v. Bankers Life and Casualty Company, 425 F3d 689, 692-693 (9th Cir. 2005). We submit that this case presents the first scenario, where the plaintiff's complaint establishes the necessary diversity of citizenship. In such cases, before proceeding with removal, defendants have no obligation to look beyond the four corners of the Plaintiff's complaint to "search for a clue", and removal is proper. Ibid at p. 694, 697. Here, Plaintiff alleged that Defendants are two Oregon corporations and an Oregon LLC, and that it is a California corporation. For the purpose of determining removeability during the first 30 day removal period, this facial removeability is what is assessed. Holding otherwise would require defendants who rely on a plaintiff's initial pleading as a basis for removal to sustain ". . . an unreasonable and unrealistic burden to determine removeability within thirty days of receiving the initial pleading." Ibid, at pp. 694-695, citing Lovern v. General Motors Corp., 121 F 3d 160, 162 (4th Cir. 1997), for the proposition that defendants are not required to investigate or interject their subjective knowledge and look beyond the paper that motivates the removal, stating:

> We will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the

---

[2] Defendants do not abandon their view that an alternative "federal question" basis for removal is correct, but will here address only the primary "diversity" basis for removal.

-3-

Defendants' Memorandum of Points and Authorities in Opposition

parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleadings or subsequent paper.

In as much as this removal was based on the "four corners" of Plaintiff's complaint, Plaintiff's assertion (points and authorities, pp. 3-5) that at this early stage following removal based on the pleading that prompted it, defendants were obligated to independently determine and prove that diversity must be established does not comport with the current precedent of the 9th Circuit Court of Appeals, which has now joined other circuits in this view. See, Lovern, supra, at 162; Whitaker v. American Telecasting, Inc., 261 F 3d 196, 206 (2nd Cir., 2001); Foster v. Mutual Fire, Marine & Inland Insurance, Co., 986 F2d 48, 53-54 (3rd Cir. 1993) ("The inquiry begins and ends with the four corners of the pleading. The inquiry is succinct: whether the document informs the reader, to a substantial degree of specifically, whether all the elements of federal jurisdiction are present.") Inasmuch as the propriety of removal is determined at the time of removal, Defendants respectfully submit that the removal in this matter was proper when effected

  2. Additionally, This matter was removable based on information provided in support of Plaintiff's opposition.

Although Defendants were not required to investigate the grounds of removal because of the clear content of the Complaint, the facts provided to the Court demonstrate that of the three Defendants, only RSG, an entity that has engaged in business in a variety of states, does any business in California, and that the facts support its contention that its principal place of business is at its Portland, Oregon headquarters, from which its operations are directed. (See, Declaration of David Miller ¶ 3). Thus even if the Court were to find the complaint somewhat ambiguous, which it is not, removal was proper when effected.

  3. If transfer is required the Court should transfer this matter to the U.S. District Court for the Central District of California.

Although all of the operative facts in this case occurred in this District, Defendants now realize that they erred at least technically and that the removal statue requires that the case be removed to the U.S. District Court for the Central District of California.

However, once there, there is obviously strong reasons of both locale and convenience

to all parties for venue to be in this District (Dec. of David Miller, ¶ 10). For that reason, we urge the Court that it retain this case in this District. If the Court deems itself unable to do so, Defendants urge the Court to transfer the matter to the Central District. The remand to an incorrect District Court, otherwise proper, does not deprive the District Court of Jurisdiction. See, Schwarzer, et.al. Federal Civil Procedure Before Trial (the Rutter Group), Chapter 20, ¶2: 997, 2:1048 p. 2D-191, 198.6. See, 28 U.S.C. 1404(a), 1406, 1447(a). Defendant's request that the Court order that the venue of this matter be in the Northern District, pursuant to 28 U.S.C. §1406(a); See, Mortensen v. Wheel Horse Products, Inc. 772 F. Supp. 85, 90, (N.D. NY, 1991); Ullah v. FDIC, 852 F.Supp. 218, 221 (S.D.NY, 1994), and that this opposition be treated as a request that it do so.

  4. Plaintiff's demand for attorneys fees and cost regarding this motion should be denied.

a. Costs and fees are not awardable if removal was proper.

Defendant's have shown that this case was properly removed pursuant to current law in this Circuit. On that basis, the request for an award of costs and fees should be denied.

  b. The Court has discretion to deny an award of costs and fees under the circumstances presented.

The Court has "wide discretion" to either grant or withhold fees in this matter under 28 U.S.C. §1447(c). The award of such fees and costs is for reimbursement to a Plaintiff for wholly unnecessary litigation costs. Moore v. Permanente Medical Group, 981 F2d 443, 447 (9th Cir. 1992). We have shown that the motion need not have been filed, although Plaintiff was free to do so. (Dec. of David Miller, ¶ 5-9). However, "[a]bsent unusual circumstances, courts may award attorneys fees under § 1447(c), only when the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capitol Corp. 546 U.S. 132, 126 S. Ct. 704, 711 (2005). We have shown that Defendants had an objectively reasonable basis to seek removal, and so the Court should exercise its wide discretion in such matters and deny such an award. In determining whether to award costs, it is appropriate to look at the parties conduct regarding the removal. See, e.g. Dietrich v. Cooperstown, et.al. 1995 U.S. District Lexis 1558, at p. 13 (N.D. CA) (Plaintiff's counsel's repeated writing to

1 | defendant's counsel urging withdrawal of untimely removal, forcing Plaintiff to seek remand,
2 | considered in determining whether to award attorneys costs and fees). In a case in which the
3 | Court ultimately finds that removal was improper, it need not award attorneys fees where the
4 | removing party has a tenable legal position such as where at the time of removal, the removing
5 | defendant should have been aware that removal was improper. That is not the case here. See,
6 | e.g. HVAC Sales, Inc. et.al. v. Zurich American Insurance, 2005, U.S. District LEXIS 42274,
7 | (N.D. CA) p. 26. At worst, removal was proper but it was made to the incorrect District.

**D.  Conclusion**

For the reasons stated herein, defendants respectfully submit that Plaintiff's motion be denied, that the Court either retain this matter in place or transfer it to the U.S. District Court for the Central District and that the request for an award of costs and attorneys fees be denied.

DATED: Sept. 7, 2007        MILLER & ANGSTADT

Respectfully submitted,

By _____
David Miller
Attorney for Defendants
NORTHWEST STAFFING RESOURCES, INC., RESOURCE STAFFING GROUP, INC., and DULCICH STAFFING, LLC

## PROOF OF SERVICE [FRCP 5(b)(d)]

I am a citizen of the United States. My business address is 1910 Olympic Blvd., Suite 220, Walnut Creek, California 94596. I am employed in the County of Contra Costa where this service occurs. I am over the age of 18 years and not a party to the within action. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served the foregoing document(s) described as:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER TO CENTRAL DISTRICT, OR IN THE ALTERNATIVE TO REMAND THIS MATTER TO STATE COURT AND FOR COSTS AND FEES**

on said date at my place of business, a true and correct copy thereof enclosed in a sealed envelope prepaid for first-class mail for collection and mailing that same day in the ordinary course of business, addressed to the parties as follows:

| | |
|---|---|
| Robert Yonowitz, Esq.<br>Stacey A. Zartler, Esq.<br>Fisher and Phillips, LLP<br>One Embarcadero Center, Suite 2340<br>San Francisco, California 94111-3712<br>ryonowitz@laborlawyers.com<br>szartler@laborlawyers.com | James R. Evans, Esq.<br>555 South Flower Street<br>Forty First floor<br>Los Angeles, CA 90071<br>jevans@fulbright.com |

[X] **(BY E-MAIL)** I caused such documents to be electronically transmitted to James R. Evans; Melissa MacPherson; Stacy Zartler and Robert Yonowitz at the e-mail addresses listed above.

[X] **(BY MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Walnut Creek, California.

[ ] **(BY FACSIMILE)** I transmitted a true and correct copy by facsimile to the number indicated above.

[ ] **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s) as listed above.

[ ] **(BY OVERNIGHT DELIVERY)** I caused such envelope(s) to be delivered to an overnight delivery carrier with the delivery fees provided for, addressed to the person(s) on whom it is to be served as shown above.

[X] **(FEDERAL)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on Sept. 7, 2007 at Walnut Creek, California

Melissa DeVay