David Miller, SBN: 104139
MILLER & ANGSTADT
A Professional Corporation
1910 Olympic Boulevard, Suite 220
Walnut Creek, CA 94596
Telephone: 925-930-9255
Facsimile: 925-930-7595

Attorneys for Defendants
NORTHWEST STAFFING RESOURCES, INC.,
an Oregon corporation; RESOURCE
STAFFING GROUP, INC., an Oregon
corporation DULCICH STAFFING, LLC, an
Oregon limited liability corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U-HAUL COMPANY OF CALIFORNIA, Inc., a California corporation,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>NORTHWEST STAFFING RESOURCES, INC., an Oregon corporation; RESOURCE STAFFING GROUP, INC., an Oregon corporation; DULCICH STAFFING, LLC, an Oregon limited liability corporation; and DOES 1 TO 25 inclusive,<br><br>　　　　　　　　　Defendants.<br>_____ / | CASE NO. C07-3848 CRB<br><br>**DECLARATION OF DAVID MILLER IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER TO CENTRAL DISTRICT, OR IN THE ALTERNATIVE TO REMAND THIS MATTER TO STATE COURT AND FOR COSTS AND FEES**<br><br>Date: October 5, 2007<br>Time: 2:30 p.m.<br>Dept: Courtroom 8, 19th Floor |

I, David Miller, declare as follows:

1. I am an attorney duly licensed to practice law before all the courts in the State of California and am a principal in the law firm of Miller & Angstadt, attorneys of record for Defendants Defendants RESOURCE STAFFING GROUP, INC., an Oregon corporation, DULCICH STAFFING, LLC, an Oregon limited liability corporation("Defendants") and unserved Defendant NORTHWEST STAFFING RESOURCES, INC., an Oregon corporation.

2. On July 26, 2007, I removed this matter, a lawsuit filed by Plaintiff in the Superior

1. Court of California, County of Orange, to this Court. I thereafter filed an answer on behalf of Defendant RESOURCE STAFFING GROUP, INC., which had been served, and also filed a Motion pursuant to FRCP 12(b)6 on behalf of DULCICH STAFFING, LLC, which had also been served. That motion is pending before the Court.

3. My determination that this matter could and should be removed to a United States District Court was based on the content of paragraph 4 of Plaintiff's complaint filed in the Superior Court for Orange County (filed with this Court as part of Defendants' removal papers), in which the three Defendants are accurately described as two Oregon corporations and an Oregon limited liability company, facts which I independently confirmed. Although Plaintiff alleged that Defendant Resource Staffing Group, Inc., (hereinafter "RSG") operates "as a business enterprise in California," and is an "affiliate" of unserved Defendant Northwest Staffing Resources, Inc. it was not plead that it has its principal place of business is in California. And I did not consider the complaint ambiguous in that sense. However, Before proceeding with the removal, I researched the question of where RSG could be said to be principally located. I obtained information from my client in a series of privileged conversations, but also obtained certain documents establishing the nature and scope of RSG's activities in the geographical sense. The documents I reviewed demonstrate that RSG is headquartered in Portland, Oregon and that, over a period of years it has engaged in a series of arms-length transactions beginning after its incorporation in 2001 and continuing over the following years, in which it is established that it has provided temporary staffing services in the States of California, Washington, Nevada and Arizona. The documents in question begin with the RSG, Inc. Articles of Incorporation and document a series of arms length transfers of responsibilities, assets and liabilities for valuable consideration to it from its parent corporation, Northwest Staffing Resources, Inc., which following such transfers had no responsibility with regard to either RSG's temporary or other employees in those states, and more particularly, no presence at all in California. True copies of documents I have referred to and which my clients rely upon are together attached hereto as Exhibit A to this declaration.

Based upon the information described herein, I concluded with good reason that the location of the temporary staffing workers employed by RSG, Inc. are and have been employed in several states, and inasmuch as the provision of staffing services is its primary business, I concluded that its places of business include each location in any of several states where it does or has employed such persons. On that basis, I determined that its corporate offices, which are in Portland, Oregon, are the location which should be considered its "principal" place of business and that its Sacramento, California office should rightly be considered a satellite office. On the forgoing basis I went forward with removal of this matter to this Court, relying on the facts stated in Plaintiff's complaint.

    4. On or about August 24, 2007, I received notice of Plaintiff's motion to transfer/remand (hereafter "the motion"). I reviewed those papers and for the first time realized that this matter should have been removed to the U.S. District Court for the Central District of California. I had removed the case to this Court based on my assumption that because all of the operative facts of this lawsuit known to me indicated that the case arose in this District, i.e., the State Court complaint demonstrated that the underlying contract was entered into in Fremont, in Alameda County, for temporary staffing and payroll services of workers employed in that county, and that Plaintiff contends for a variety of reasons that those workers were not its own employees but employees of RSG employed in Alameda County.

    5. In Defendants' view Plaintiff's's motion was precipitous and unnecessary, in that it might have obtained at least some of the relief it sought with a telephone call. It chose not to, as was it's right.

    6. On August 30th or perhaps the 31st, 2007, I called Melissa McPherson, the attorney at Fulbright & Jaworski (hereafter "Fulbright") who had authored the motion and filed it only three days after associating into this case. Unfortunately, she was not in and I left a voice-mail for her, asking that she call. My objective in calling Ms. McPherson was to see if this motion could be resolved without litigation, hopefully (on my part) with a stipulation to transfer this matter to the Central District, as the motion asked.

7. I did not hear from Plaintiff's's counsel until Tuesday, September 4th, when I received a voice-mail from attorney James R. Evans advising me that Ms. McPherson was no longer with the Fulbright firm and that he is the partner handling this matter. That was unfortunate, but apparently unavoidable. I called Mr. Evans and we discussed the situation raised by the motion, and we agreed that we would each approach our respective clients to obtain authorization for a stipulation which would make this motion unnecessary, more particularly either for a remand which I proposed or perhaps a transfer, which Mr. Evans proposed, with the understanding that Plaintiff would waive its request for attorneys fees.

8. Unfortunately, the person from whom I could obtain client authorization to enter into such a stipulation is located in Portland, Oregon and after some effort I learned that he was not reachable and would be unavailable until the morning of September 5, 2007. I was able to discuss the proposed stipulation with him in the morning of that day and obtained the necessary authorization to enter into the stipulation. I called Mr. Evans to discuss the stipulation a number of times on September 5th, and eventually learned that he was out of town. Late in the day, his assistant advised me that he had not yet obtained Plaintiff's approval of a waiver of the fees. I wrote to Mr. Evans on September 6, 2007, confirming my contacts and effort at resolving the motion. A copy of that confirming letter is attached as Exhibit B.

9. As of this writing, I have just heard from Mr. Evans, and am filing this opposition as it seems prudent. Defendants believe it inappropriate and a miscarriage of justice to require that my client pay Plaintiff's attorneys fees in bringing an unnecessary motion that could easily have been resolved between counsel on the telephone before the motion was filed. However, they are in no sense attempting to "blame" counsel, but merely to describe events.

10. I represented RSG, Inc. with regard to representation and other proceedings before the National Labor Relations Board, in which a union initially sought to represent a combined group of regular U-Haul of California employees and temporary employees for whom RSG, Inc. then provided certain staffing services to Plaintiff at its Fremont, California facility pursuant to the staffing agreement attached to Plaintiff's's state court complaint enter into in Fremont

California. That petition was filed on June 14, 2004. On July 2, 2004, and as described in documents appended to Plaintiff's's complaint, RSG terminated its staffing agreement with U-Haul pursuant to the terms of that agreement, which made the contractual termination effective thirty days thereafter. The union then amended the representation petition so that it named only U-Haul of California as the employer, deleting RSG. Contrary to the statements of Ricardo Briceno and the assertion of Ms. McPherson in Plaintiff's papers, RSG was not charged with having committed unfair labor practices. The NLRB Unfair Labor Practice charge in NLRB Case No. 32-CA-21543-1 was not filed until August 3, 2004, and named U-Haul of California as the employer and only Charged Party. True copies of the NLRB representation petitions, of a stipulation by Plaintiff in the representation case and of the Unfair Labor Practice Charge I have described are collectively attached and incorporated herein as Exhibit C. The representations of Mr. Briceno and Ms. McPherson in this regard are not only inaccurate, but are an attempt to deliberately mislead the Court.

    I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed this 7th day of September, at Walnut Creek, California.

_David Miller_ (signature)

David Miller

Attorney for Defendants
NORTHWEST STAFFING RESOURCES, INC., RESOURCE STAFFING GROUP, INC., and DULCICH STAFFING, LLC

Exhibit A

03/11/2004 10:13 FAX 503 224 7819    Elliott,Ostrander,Et Al.                    ☒004

051640-90

# ARTICLES OF INCORPORATION
# OF
# RESOURCE STAFFING GROUP, INC.

FILED

NOV 28 2001

OREGON
SECRETARY OF STATE

The undersigned incorporates a corporation under the Oregon Business Corporation Act by adopting the following Articles of Incorporation:

## ARTICLE 1

The name of the corporation is RESOURCE STAFFING GROUP, INC.

## ARTICLE 2

The corporation shall have the authority to issue an aggregate number of one thousand (1,000) common shares.

## ARTICLE 3

The number of directors constituting this corporation's initial board of directors is one. The name and address of that initial sole director is Frank D. Dulcich, 3220 SW First Avenue, Portland, Oregon, 97201.

## ARTICLE 4

The incorporator is Robert J. Preston, Esq., 707 SW Washington Street, Suite 1500, Portland, Oregon, 97205.

## ARTICLE 5

The corporation's initial registered office is 707 SW Washington Street, Suite 1500, Portland, Oregon, 97205, and the initial registered agent at such address is Robert J. Preston, Esq.

## ARTICLE 6

Notices should be mailed to Robert J. Preston, Esq., 707 SW Washington Street, Suite 1500, Portland, Oregon, 97205.

## ARTICLE 7

To the fullest extent permitted by law, a director of the corporation shall not be personally liable to the corporation or to its shareholders for any monetary damages for conduct as a director. Any amendment to or repeal of this Article or the Oregon Business Corporation Act shall not adversely affect any right or protection of a director of the corporation for or with respect to any act or omission of such director occurring prior to such amendment or repeal.

Page 1 - - ARTICLES OF INCORPORATION

## ARTICLE 8

To the fullest extent provided by law, the corporation shall indemnify any person who was or is a party or is threatened to be made a party to any legal proceeding because he or she is or was (i) a director or an officer of the corporation, (ii) a fiduciary within the meaning of the Employee Retirement Income Security Act of 1974, with respect to an employee benefit plan of the corporation, or (iii) at the corporation's request a director, officer, or fiduciary for an employee benefit plan of any other corporation, partnership, trust, or enterprise. The determination and authorization of indemnification shall be made as provided by law. The corporation shall pay for or reimburse the reasonable expenses incurred by any person who is a party to such proceeding in advance of the final disposition of the proceeding, as provided by law. The indemnification referred to in this Article shall be in addition to and not in lieu of any other right to which those indemnified may be entitled. Any amendment to or repeal of this Article or the Oregon Business Corporation Act shall not adversely affect any right of an individual with respect to any right to indemnification arising prior to such amendment or repeal.

Dated as of November 19, 2001.

_Robert J. Preston_
Robert J. Preston

Person to contact about this filing: Robert J. Preston, Esq. (503/224-2223)

03/11/2004 10:13 FAX 503 224 7818      Elliott,Ostrander,Et Al.                             ☒002



Secretary of State
Corporation Division
255 Capitol Street NE, Suite 151
Salem, OR 97310-1327

Registry Number: 051640-90
Type: DOMESTIC BUSINESS CORPORATION

Phone:(503)986-2200
Fax:(503)378-4381
www.sos.state.or.us/corporation/corphp.htm

RESOURCE STAFFING GROUP, INC.
ROBERT J PRESTON
707 SW WASHINGTON ST STE 1500
PORTLAND OR 97205

## Acknowledgment Letter

The document you submitted was recorded as shown below. Please review and verify the information listed for accuracy.

If you have any questions regarding this acknowledgement, contact the Secretary of State, Corporation Division at (503)986-2200. Please refer to the registration number listed above. A copy of the filed documentation may be ordered for a fee of $5.00. Submit your request to the address listed above or call (503)986-2317 with your Visa or MasterCard number.

**Document**
ARTICLES OF INCORPORATION

**Filed On**
11/28/2001

**Jurisdiction**
OREGON

**Name**
RESOURCE STAFFING GROUP, INC.

**Registered Agent**
ROBERT J PRESTON
707 SW WASHINGTON ST STE 1500
PORTLAND OR 97205

RACGAM
ACK
11/28/2001



# State of California
## Secretary of State

### STATEMENT OF INFORMATION
(Foreign Corporation)

FEES (Filing and Disclosure): $25.00. If amendment, see instructions.

IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM

1. CORPORATE NAME (Please do not alter if name is preprinted.)

C2376517
RESOURCE STAFFING GROUP, INC.
333 SW 5TH AVENUE, #250
PORTLAND OR 97204

639056450

STA505

2007BUSLIC

This Space For Filing Use Only

DUE DATE: 01-31-07

CALIFORNIA CORPORATE DISCLOSURE ACT (Corporations Code section 2117.1)

A publicly traded corporation must file with the Secretary of State a Corporate Disclosure Statement (Form SI-PT) annually, within 150 days after the end of its fiscal year. Please see reverse for additional information regarding publicly traded corporations.

NO CHANGE STATEMENT

2. [X] If there has been no change in any of the information contained in the last Statement of Information filed with the Secretary of State, check the box and proceed to Item 11.

If there have been any changes to the information contained in the last Statement of Information filed with the Secretary of State, or no statement has been previously filed, this form must be completed in its entirety.

COMPLETE ADDRESSES FOR THE FOLLOWING (Do not abbreviate the name of the city. Items 3 and 4 cannot be P.O. Boxes.)

3. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | ZIP CODE

4. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | CITY | STATE CA | ZIP CODE

NAMES AND COMPLETE ADDRESSES OF THE FOLLOWING OFFICERS (The corporation must have these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

5. CHIEF EXECUTIVE OFFICER/ | ADDRESS | CITY AND STATE | ZIP CODE

6. SECRETARY/ | ADDRESS | CITY AND STATE | ZIP CODE

7. CHIEF FINANCIAL OFFICER/ | ADDRESS | CITY AND STATE | ZIP CODE

AGENT FOR SERVICE OF PROCESS (If the agent is an individual, the agent must reside in California and Item 9 must be completed with a California address. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 9 must be left blank.)

8. NAME OF AGENT FOR SERVICE OF PROCESS

9. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE CA | ZIP CODE

TYPE OF BUSINESS

10. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

11. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

Mary P. Sauer | [signature] | Controller | 12-6-06
TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | SIGNATURE | TITLE | DATE

SI-350 (REV 07/2006) | APPROVED BY SECRETARY OF STATE

TRANSFER AND ASSIGNMENT OF ASSETS AND LIABILITIES

To

Resource Staffing Group, Inc

Effective as of **January 1, 2002**, Northwest Staffing Resources Inc. (NSR), an Oregon corporation, solely in exchange for 100% of the membership units of **Resource Staffing Group Inc. (RSG)**, an Oregon Qualified Subchapter S Subsidiary, does hereby assign, transfer and deliver to RSG all of NSR, assets and liabilities pertaining to its Sacramento branch office, the temporary employees in Vancouver, and PacSeaFood temporary employees, as set forth on Exhibit A hereto. RSG does hereby acknowledge receipt of and does hereby accept all of such assets and liabilities and further, does hereby acknowledge that NSR, is the sole member of RSG.

DATED this 14th day of December 2001.

Northwest Staffing Resources          Resource Staffing Group

By: _____        By: _____
         President                              Secretary

TRANSFER AND ASSIGNMENT OF ASSETS AND LIABILITIES

To

**Resource Staffing Group, Inc**

Effective as of **January 1, 2003**, Northwest Staffing Resources Inc. (NSR), an Oregon corporation, solely in exchange for 100% of the membership units of **Resource Staffing Group Inc. (RSG)**, an Oregon Qualified Subchapter S Subsidiary, does hereby assign, transfer and deliver to RSG all of NSR, assets and liabilities pertaining to its Sacramento branch office, the temporary employees in California and Nevada temporary employees, as set forth on Exhibit A hereto. RSG does hereby acknowledge receipt of and does hereby accept all of such assets and liabilities and further, does hereby acknowledge that NSR, is the sole member of RSG.

This Agreement supersedes December 14, 2001 Agreement.

DATED this 1st day of January 2003.

Northwest Staffing Resources                Resource Staffing Group

By: _____            By: _____

TRANSFER AND ASSIGNMENT OF ASSETS AND LIABILITIES

To

**Resource Staffing Group, Inc**

Effective as of **January 1, 2005**, Northwest Staffing Resources Inc. (NSR), an Oregon corporation, solely in exchange for 100% of the membership units of **Resource Staffing Group Inc. (RSG)**, an Oregon Qualified Subchapter S Subsidiary, does hereby assign, transfer and deliver to RSG all of NSR, assets and liabilities pertaining to its California and Arizona branch offices, the temporary employees in California and Arizona and Nevada temporary employees, as set forth on Exhibit A hereto. RSG does hereby acknowledge receipt of and does hereby accept all of such assets and liabilities and further, does hereby acknowledge that NSR, is the sole member of RSG.

This Agreement supersedes January 1, 2003 Agreement.

DATED this **1st day of January 2005**.

Northwest Staffing Resources          Resource Staffing Group

By: _____          By: _____

TRANSFER AND ASSIGNMENT OF EMPLOYEES
AND EMPLOYEE AGREEMENTS
To
RESOURCE STAFFING GROUP

Effective as of **January 1st, 2003** (the "effective date"), Northwest Staffing Resources, Inc., an Oregon corporation ("NSR"), does hereby assign, transfer and deliver to Resource Staffing Group, an Oregon Corporation ("RSG"), the employment services of <u>**any and all temporary employees and the non-managerial staff employees working out of the Sacramento CA areas**</u> of NSR's California-based employees. As of the effective date, these employees are no longer the employees of NSR and shall from such date forward constitute the employees of RSG. RSG does hereby acknowledge receipt thereof and does hereby accept responsibility as of the effective date for all of such employees and for all obligations as the employer of such employees. As between the parties hereto RSG acknowledges that it is the legal employer of all such employees, and as such, it has the primary obligation of paying all such employees' wages, employment-related taxes and insurance and employment benefits, as well as all vacation time, sick leave and insurance benefits.

The parties acknowledge that RSG's officers and directors are not based in the state of California, but reside in Oregon, and as such, their employment relationship (to the extent such officers and directors are employees) is and shall continue to be with NSR.

This agreement supersedes January 1, 2002 Agreement.

DATED the **1st day of January, 2003**.

Northwest Staffing Resources, Inc.          Resource Staffing Group

By: _MCKalon_                              By: _____
Its: _General Manager_                     Its: _Secretary_

TRANSFER AND ASSIGNMENT OF EMPLOYEES
AND EMPLOYEE AGREEMENTS
To
RESOURCE STAFFING GROUP

Effective as of **January 1st, 2002** (the "effective date"), Northwest Staffing Resources, Inc., an Oregon corporation ("NSR"), does hereby assign, transfer and deliver to Resource Staffing Group, an Oregon Corporation ("RSG"), the employment services of any and all temporary employees working out of Vancouver WA, and the non-managerial staff employees working out of the Sacramento CA areas of NSR's Washington and California-based employees. As of the effective date, these employees are no longer the employees of NSR and shall from such date forward constitute the employees of RSG. RSG does hereby acknowledge receipt thereof and does hereby accept responsibility as of the effective date for all of such employees and for all obligations as the employer of such employees. As between the parties hereto RSG acknowledges that it is the legal employer of all such employees, and as such, it has the primary obligation of paying all such employees' wages, employment-related taxes and insurance and employment benefits, as well as all vacation time, sick leave and insurance benefits.

The parties acknowledge that RSG's officers and directors are not based in the states of Washington or California, but reside in Oregon, and as such, their employment relationship (to the extent such officers and directors are employees) is and shall continue to be with NSR.

DATED the **14** day of December, 2001.

Northwest Staffing Resources, Inc.          Resource Staffing Group

By: _____             By: _____
Its: _____            Its: _____